SMITH, et, Plaintiffs-Appellees, v. VOLK, et, Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 1977.   Decided December 29, 1948.

Marshall, Harlan & Smith, Dayton, for plaintiffs-appellees.
M. J. Gilbert, Dayton, for defendants-appellants.

**OPINION**

By THE COURT:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Montgomery County, Ohio, granting a permanent injunction against the defendants in the use of their property. The action involves the legal effect of deed restrictions. The matter was submitted to this court on the record taken in the trial court.

In 1921 Adolph W. Smith, one of the plaintiffs, purchased a tract of land consisting of approximately 68 acres situated several miles north of the corporation line of the City of Dayton. In 1925 Smith filed in the Recorder's Office of Montgomery County, Ohio, a plat which showed that a substantial portion of the 68 acre tract had been subdivided into building lots. The plat provided for and dedicated a portion for street purposes. The plat did not provide for building or use restrictions. The 68 acre tract was known as "Broad Acres" and that part which was subdivided into building lots was known as "Broad Acres Plat." Shortly thereafter the lots were advertised and a number of them were sold. The necessary utilities, such as gas, water, electricity and sewers were installed by Adolph W. Smith.

In the deeds from Adolph W. Smith to the original grantees on lots now owned by twenty-three plaintiffs herein, there were restrictions which provided that no building shall be erected on said lots other than one single house to be used exclusively for residence and dwelling purposes, and that all dwellings shall conform to adjoining property in the immediate neighborhood as to set-back and exterior design as is practicable; that all plans for such residences are to be prepared by architects of known ability and submitted to the grantor for his approval. In deeds to the original grantees on lots now owned by nine plaintiffs herein there were restrictions which provided that no building shall be erected other than one single house to be used exclusively for residence and dwelling purposes and to cost not less than $12,000.00; also restrictions against the erection of a double house, duplex or apartment. These deeds contained other restrictions similar to those mentioned in the first group. In the deeds to original grantees on lots now owned by three of the plaintiffs herein

the restrictions were the same as in the preceeding group and also contained a provision that the covenants shall severally attach to and run with the land.

None of the original deeds by Adolph W. Smith contained any covenant by the grantor that similar restrictions would be imposed on subsequent conveyance of lots in the subdivision or of the acreage in the tract.

In 1942 Adolph W. Smith sold to Willard C. Moore and Evelyn V. Moore approximately 13 acres of that portion of the original 68 acre tract which had not been subdivided into building lots, the deed containing the same restrictions as were contained in the deeds to the original grantees on lots now owned by 23 of the plaintiffs as above first mentioned. On August 11, 1945, the Moores sold by contract 8 acres of this tract to the defendants, Chris Volk and Ida Volk, and on February 9, 1946, conveyed said property to the Volks by deed. Both the contract and the deed contained the provisions, "subject to all restrictions of record."

An old barn stood on the 8-acre tract purchased by the defendants. The building had been used as a barn for many years and sometime prior to the purchase by Volk it had been used to shelter horses, cows, and equipment. The value placed on the barn by several witnesses was between $1000.00 and $3000.00. Immediately after taking possession in August 1945, the Volks began to make changes on the interior and exterior of said barn. The defendants expended approximately $12,000.00 in converting the barn into a building suitable for the operation of a social or night club which the defendants have conducted on the premises since 1946. In converting the building, the defendants removed the bins and stalls, cemented the entire basement, installed a ceiling over the basement and finished the interior thereof in knotty pine, a ceiling was placed above the main floor level and the interior was finished in knotty pine; additions to the building were constructed which provided for rest rooms, toilets and an entrance way. The necessary utilities, such as gas, water, electricity and sewers were installed and connected with the utilities formerly installed by Adolph W. Smith for the use of all property owners on the tract. The building is equipped with tables, chairs and necessary kitchen conveniences for preparing and serving food and drinks to persons using the building for club or social purposes. Dance music and noise of patrons and their automobiles, coming and going, are a constant source of annoyance to residents on the plat.

The defendant, Chris Volk, admitted that he did not examine the record title of the property at the time of the purchase

or at any time prior to the delivery of the deed. However, the overwhelming weight of the evidence shows that Moore at the time of the purchase informed Volk that only single residences could be erected on said property. During the time alterations were being made on the barn residents of the plat informed Volk that his property was restricted to single residences. Volk nevertheless continued over a period of 6 months or more to convert the buildings as planned, although threatened with litigation if he persisted with his plans. The action was instituted on April 5, 1946.

Two separate and distinct causes of action are alleged in the petition. In the first cause of action Adolph W. Smith, the original owner of the 68 acre tract designated as "Broad Acres" and the allotor of the plat, is sole party plaintiff. Adolph W. Smith still retains ownership of a number of lots in the subdivision and seeks to enforce the restrictions imposed by him on the lands owned by the defendants and to enjoin the violation thereof. In the second cause of action Adolph W. Smith, together with 31 owners of lots on the subdivision on which restrictions are imposed similar to the restrictions in the deed from Smith to Moore, join as party plaintiffs for themselves and on behalf of all other lot owners in "Broad Acres Plat," to enforce restrictions imposed upon defendant's land, which they allege were imposed for their benefit, and to enjoin violation of such restrictions.

The evidence shows that the defendants never submitted plans for the conversion of the barn to Adolph W. Smith for his approval and such plans were not prepared by an architect of known ability.

The greater portion of "Broad Acres" was rolling and wooded and the topography was such that it could be easily developed as a highly restricted residential area. It was the purpose of the allotor to impose restrictions requiring the building of well designed and costly residences on large and attractive building sites. The better section of the tract was subdivided into building lots. The acreage, which was not subdivided, was not so well adapted to such development, the greater portion of it being low and flat. A part of the acreage was set aside as a community recreation park and so appears on the plat and tract as advertised for the purpose of sale. However, the recreation park was never developed and this acreage was later sold to Moore, who in turn sold a part of the area so purchased to the Volks.

The evidence clearly shows that the restrictions in the deed to Moore were imposed both for the benefit of the grantor, Adolph W. Smith, who still retained ownership in a number

of lots on the plat, and other owners of lots on the plat. The owner, Adolph W. Smith, had a right to impose such restrictions on the use of the property sold, so long as such restrictions were reasonable and not against public policy. Adolph. W. Smith was the original owner of the entire tract and treated it as one parcel and in the development of the tract. clearly manifested a purpose to protect and benefit both. the owners of lots on the subdivision and owners of the acreage not subdivided. He was a common grantor to all property now owned by the parties plaintiff and the defendants.

The defendants had constructive notice of the restrictions. imposed on the land which they purchased since such restrictions were in their chain of title. The defendants are bound by such restrictions. **Hills v. Graves, 26 Oh Ap 1, 5; Dales v. Albrecht, 11 Oh Ap 368, 370; Davidson v. Buckeye Homes, Inc., 37 Abs 570; Hanley v. Esposito, 7 Abs 261; Cooper v, Sanders, 30 O. L. R. 435;** Vol 26 C. J. S. page 561. Notice of restrictions imposed on the land purchased would not. necessarily be sufficient to charge the purchaser with notice that like restrictions were contained in the deeds to other purchasers on the plat. **Kiley v. Hall, 96 Oh St 374.** However, the evidence clearly shows that the defendants had actual notice of such restrictions before the time of purchase.

It is observed that the plat filed in the County Recorder's. office did not contain restrictions neither did the deeds by the allotor contain covenants by the grantor that similar restrictions would be imposed in subsequent conveyances of lots in the subdivision or of the acreage in the tract. It is. claimed that before plaintiffs are entitled to a remedy, they must first show not only that there was a covenant by each grantee respecting restrictions but, also, by the grantor that all lots in the tract would be similarly restricted. In other words, it is claimed that there is no mutuality. In our opinion plaintiffs are not confined to such proof.

Equity will grant injunctive relief in violation of restrictions in defendants' chain of title where it is shown that the defendant purchased the property with knowledge of a general building plan or scheme for the improvement of the subdivision and the tract in its entirety in accordance with restrictions contained in defendants' chain of title which were designed to make the tract more attractive for residential purposes. **Dixon v. Van Sweringen Co., 121 Oh St. 56;** Kiley v. Hall, supra; Hills v. Graves, supra; Vol. 21 A. L. R. page 1306; Vol. 26 C. J. S. page 548. It is shown by clear, certain and convincing proof that from the beginning Adolph.

W. Smith adopted a general building plan and scheme for the development of the entire tract, imposing uniform restrictions on lots sold in the subdivision and also on the acreage purchased by Moore, a part of which was in turn sold to the defendants; that Adolph W. Smith continued to operate under said building plan and scheme of development to the present time; that said building plan and scheme was designed to develop a highly restricted residential area for the benefit of the allotor and all purchasers of property on the tract; that said building plan and scheme of development was in accordance with restrictions contained in defendants' chain of title; and that defendants had both actual and constructive notice of such building plan and scheme and for whose benefit it was adopted prior to the date of purchase. The fact that the restrictions varied slightly in different deeds and that a lot and parcel of land on the edge of the tract were sold without any restrictions does not invalidate the building plan or scheme adopted. Vol. 26 C. J. S. 551, 552.

The restrictions in defendants' chain of title were such as to put them on inquiry; especially the restrictions which required the single dwelling to conform to adjoining property with respect to set-back and exterior design, and that such plans should be prepared by an architect of known ability and submitted to Adolph W. Smith for his approval. "Adjoining property" could only refer to lots on the subdivision on which a number of costly residences have been erected. Discussion as to what extraneous facts will be sufficient to put a reasonably prudent person on inquiry is found in Mossop v. Bidwell, 25 C. C. (N. S.) 502.

We have no difficulty in finding that the conversion of the old barn into a night club by the expenditure of $12,000.00 for alterations and additions was of such proportions and of such a nature as to constitute the erection of a building for business purposes and not the erection of a single house to be used exclusively for residence purposes; and that such building failed to conform to adjoining property in the immediate neighborhood as to exterior design in violation of the restrictions in defendants' chain of title. Rombauer v. Compton Heights Christian Church, 328 Mo. 1, 22, 40 S. W. (2d) 545.

Plaintiffs have no adequate remedy at law and are entitled to a permanent injunction against the defendants on both causes of action as prayed for. A decree may be drawn in conformity herewith.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.