GLASSBURN, APPELLANT, *v.* FAIR ET AL., APPELLEES.

[Cite as Glassburn v. Fair (1970), 24 Ohio App. 2d 40.]

(No. 695—Decided May 19, 1970.)

*Messrs. Faust, Harrelson & Thornburgh* and *Mr. William H. Thornburgh,* for appellant.

*Messrs. McCulloch, Felger, Fite & Gutmann* and *Mr. William McNeil,* for appellees.

KERNS, P. J. This appeal stems from a declaratory judgment denying the plaintiff, E. Blanche Glassburn, relief from restrictive covenants contained in deeds to three lots located in a residential subdivision known as *Recker Heights.*

In the 1940's, Mr. and Mrs. Lue Recker platted certain farm land located about a mile east of the corporate limits of Piqua, Ohio. The Reckers sold lots in the subdivision to various parties, including the plaintiff who purchased one lot in 1946, and two more in 1952. There were no restrictions in the plat, but most of the deeds to the various lots contained clauses restricting the land to residential use.

On August 31, 1959, the Court of Common Pleas of Miami County denied relief to the plaintiff in an action similar to this one on the ground that the deed restrictions were valid and that the owners of lots in the subdivisions were entitled to enforce such restrictions.

Between 1959 and 1965, additional changes occurred in the area which affected the desirability of plaintiff's lots for residential use, and as a result thereof, this action was commenced on June 28, 1965. The cause came on to be heard on August 29, 1968, and on November 12, 1969, the trial court entered judgment in favor of the defendants.

The only error assigned herein, as stated by the plaintiffs, is that "the declaratory judgment of November 12, 1969 of the Common Pleas Court of Miami County, Ohio, is contrary to law and is inequitable to the prejudice of the rights of the plaintiff, and such judgment constitutes an abuse of discretion of the trial court."

In support of this assignment of error, the plaintiff has posed two basic issues for determination.

The first is whether there was a general plan in existence which was binding upon the grantees of lots located in the subdivision.

Where an owner of land has adopted a general building plan for the development of a particular tract which is designed to make it more attractive for residential purposes by reason of certain restrictive covenants, such covenants are binding and enforceable. 15 Ohio Jurisprudence 2d 121, Section 130; *Dixon* v. *Van Sweringen Co.* (1929), 121 Ohio St. 56. And if a general plan is shown to exist, it is not fatal to the validity of the restrictions that they vary slightly in different deeds or that a few of the deeds in a large plat do not carry the restrictions. See *Smith* v. *Volk* (1948), 85 Ohio App. 347; 26 Corpus Juris Secundum 1147, Section 167 (2) (b).

This was apparently the view taken by the Court of Common Pleas of Miami County in 1959 because the trial court, at that time, specifically found in its judgment entry that the lots in question in the present case are part of a uniform plan for the development of the subdivision and that all affected owners of lots in the subdivision are entitled to enforce the restrictions.

Hence, this issue was resolved in the former suit and cannot properly be raised again in the present action. *Winfrey* v. *Marks* (1968), 14 Ohio App. 2d 127. It became *res judicata.* 32 Ohio Jurisprudence 2d 58, Section 307.

The second issue propounded herein is whether the character of the land in the immediate area of the lots in question has changed to such a degree that the restrictive covenants are unenforceable.

In this regard, the record reflects substantial evidence that there has been a gradual development of the general area for business use. The evidence also discloses that the installation of four-lane highways near the lots owned by the plaintiff, particularly Lot No. 3, has reduced their value for residential use. However, the bulk of the lots contained in the subdivision continue to be suitable for and devoted to residential purposes, and there appears to be little doubt that the general plan of the original grantors was that all the lot owners were to be beneficiaries of the restrictions. See *Berger* v. *Van Sweringen Co.* (1966), 6 Ohio St. 2d 100.

Ordinarily, where a covenant is still of considerable value to the other lot owners, relief from such a restriction is not available. *Brown* v. *Huber* (1909), 80 Ohio St. 183; *Winfrey* v. *Marks* (1968), 14 Ohio App. 2d 127; *Romig* v. *Modest* (1956), 102 Ohio App. 225. See also, 4 A. L. R. 2d 1111.

In view of the physical conditions attending in the area and the relative positions of the lots owned by the parties to this action, the critical issue before the Common Pleas Court was one of fact. The present appeal is on questions of law (R. C. 2501.02), and the only issue before us on appeal is whether there is sufficient evidence in the record to support the judgment. In this context, and after a detailed analysis of the record, we are satisfied that we are without authority to disturb the factual determination of the trial court. See 3 Ohio Jurisprudence 2d 817, Section 820.

The judgment will therefore be affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.