DRISCOLL et, Appellants, v. BAILEY DEVELOPMENT CO., Appellees.

Ohio Appeals, Sixth District, Lucas County.

Decided November 28, 1955.

William D. Driscoll, Toledo, for appellants.
James M. Evans, Toledo, for appellee.

**OPINION**

Per CURIAM.

This is an appeal on questions of law from a judgment of the court of common pleas of Lucas County. The parties will be referred to as they appeared in the trial court.

The suit was instituted in the court of common pleas by the plaintiffs pursuant to the Declaratory Judgment Act, seeking a declaration of rights with respect to certain building restrictions and requirements, relating to a certain lot purchased by the plaintiffs from the defendant, as the developer of a residential section, and upon which lot plaintiffs proposed to build a residence.

At the conclusion of the trial in the court of common pleas, following the introduction of testimony by the parties respectively, the court dismissed the petition of the plaintiffs and entered a judgment in favor of the defendant, without making a declaration of the rights of the parties, arising as claimed by virtue of the agreement to purchase, the deed conveying the lot in question, and the written restrictions applicable, as claimed by the defendant as the developer of the residential section involved.

Article 1, Section 1, of the restrictions sought to be imposed by the defendant in the development of the residential section involved in the action, is as follows:

"Article One.

"Section 1. No building, fence, wall, sign, or other structure shall

be erected or maintained on said lots unless erected or maintained in accordance with plans and specifications showing the nature, kind, shape, type, material, color scheme and location of such structure, which shall be submitted to Bailey Development Company, its successors or assigns, and approval thereof endorsed thereon in writing."

Several specific restrictions follow the foregoing restriction, which relate to fences, porches, easements, locations of structures on lots and other matters designed to require conformity to a general plan of the developer of the residential section involved. It is undisputed that the only drawings or specifications submitted by the plaintiffs, prior to the commencement of the action, were sketches of a proposed residence to be built upon the lot in question, designated by the plaintiffs as:

"Note: The above sketches are preliminary drawings only—to be changed to owners wishes."

It is significant in our view that the above and foregoing quoted condition appears upon the sketches as submitted by the plaintiffs and as same were received in evidence upon the trial of the cause.

Sections of the Revised Code of the state applicable and pertinent to a consideration of the record on this appeal, which are a part of the Declaratory Judgment Act of the state, are as follows:

"Sec. 2721.06 R. C. Powers not restricted.

"Secs. 2721.03 to 2721.05 inclusive, R. C., do not limit or restrict the exercise of the general powers conferred in §2721.02 R. C., in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

"Sec. 2721.07 R. C. Court may refuse judgment.

"Courts of record may refuse to render or enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceedings."

Secs. 12102-5 and 12102-6 GC.

It appearing, therefore, that plaintiffs failed to submit plans and specifications which would indicate an intention on the part of the plaintiffs to conform unconditionally to any of the restrictions required by the defendant, we conclude that the trial court was justified in declining to enter a declaratory judgment, for the reason that same would "not terminate the uncertainty or controversy," such action by the trial court being in accord with §2721.07 R. C., quoted above.

Therefore, in view of the failure of the plaintiffs to submit definite "plans and specifications" which were unconditional, prior to the commencement of the action, which would enable the court to "terminate the uncertainty or controversy," we find no error prejudicial to the rights of the plaintiffs in the proceedings and judgment of the trial court. Finefrock v. Muskingum Watershed Conservancy District, 56 Oh Ap 271, 10 N. E. 2d 638; Fairfax Community Ass'n v. Boughton, 70 Abs 178; Smith v. Volk, 85 Oh Ap 347, 86 N. E. 2d 30; Dixon v. Van Sweringen Co., 121 Oh St 56, 166 N. E. 887; Walker v. Walker, 132 Oh St 137, 5 N. E. 2d 405; Radaszewski v. Keating, 141 Oh St 489, 49 N. E. 2d 167; See also Anderson Declaratory Judgments, Secs. 224, 225 and 226, Vol. 1, 2nd Edition.

The judgment of the court of common pleas will be affirmed. Judgment affirmed.

CONN, PJ, DEEDS and FESS, JJ, concur.