This is an appeal on questions of law from two judgments of the Court of Common Pleas. For the sake of convenience, we will refer to the appellant, plaintiff below, as the Authority, and the appellees, defendants below, as the Union.
By stipulation it appears that the Cincinnati Metropolitan Housing Authority is a body corporate and politic, organized, existing and acting under the laws of the state of Ohio, is a political subdivision of the state, and operates *Page 40 
thirteen projects providing housing accommodations for approximately nineteen thousand people.
Cincinnati District Council No. 51, American Federation of State, County and Municipal Employees, AFL-CIO, is a nonprofit labor organization claiming to have as members a majority of the employees of the Authority.
On February 5, 1968, the Union requested "recognition" as the bargaining agent for its members who were employees of the Authority, which request was refused by the Authority on May 31, 1968. Thereafter, a "work stoppage" occurred and the Authority filed a petition for a permanent injunction against the picketing which was incident to the stoppage. Named as defendants therein with the Union were its acting representatives and the individual employees of the Authority participating in the stoppage.
In such petition, it was alleged that the request for recognition by the Union was denied "because of the absence of a legal power, under the laws of the state of Ohio, to enter into such collective bargaining agreement."
A temporary restraining order was issued; whereupon the Union filed a cross-petition seeking a declaratory judgment whether the Authority lacked authority under the applicable statutes to grant the requested recognition.
The Authority filed a demurrer to the cross-petition on two grounds: (a) that the Union had no legal capacity to seek the declaratory judgment, and (b) that it failed to state facts which entitle the Union to the relief demanded.
The demurrer was overruled, and an answer to the cross-petition was filed which expressly did not waive the grounds for demurrer.
Upon hearing, the court made permanent the temporary restraining order and, at the same time, upon consideration of the cross-petition, ordered the Authority "to recognize" the Union. This is the first of the two judgments and orders from which appeal is taken by the Authority.
While the appeal from the order to recognize the Union was pending and subsequent to the granting by this court *Page 41 
of a stay of execution of the judgment, the Authority filed a charge of contempt alleging that the "strike" and picketing had been resumed in violation of the permanent injunction.
The Union countered with a charge of contempt founded upon the contention that the Authority has "consistently refused to extend * * * recognition * * * since the date of the order * * *" to recognize the Union.
The court held a hearing to inquire into the conduct of the parties since the date of its order. It was stipulated that the Union was in contempt, and the court found upon the evidence that the Authority was also in contempt. The hearing was continued for three days to elapse before penalties for the contempts would be assessed. Upon resumption of the hearing, it was stipulated that the Union had complied with the court's original order. The Authority was ordered to pay into court the sum of two hundred and fifty dollars per day "until such time as they comply" with the court's order. This is the second of the two judgments and orders being appealed.
It is conceded that if the original order of the Court of Common Pleas is invalid the finding of guilt of contempt thereof is also invalid.
The first assignment of error in the appeal taken from the first judgment and order, that is, the order to the Authority "to recognize" the Union, raises the fundamental problem in the premises. Do the cross-petitioners (defendants-appellees) possess the interest necessary to the maintenance of an action for a declaration of the authority of the appellant to grant recognition to a labor organization under the laws of the state of Ohio? Section 2721.03, Revised Code, provides:
"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in Section119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional *Page 42 
provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
The essential is that the cross-petitioners establish that they possess a legal interest in an actual controversy, which controversy is justiciable in nature. See Wilson v. Cincinnati,171 Ohio St. 104 at page 108.
This premise is expanded by the author of the text found in 16 Ohio Jurisprudence 2d 670, Section 36:
"The petition in an action for a declaratory judgment must show that a justiciable controversy exists concerning the declaration in question, must show the facts to justify a declaration as to the rights of the parties which would terminate the uncertainty and put an end to the controversy, and must show that the party seeking such relief has a legal interest in the controversy. * * *"
In the case at bar, it can not be denied that a controversy existed between the parties. The enigma is whether such is a justiciable controversy.
The Union claims to have "among its membership a substantial majority of the employees" of the Authority, but there is nothing contained in the record or the bills of exception before us to substantiate such allegation. Consequently, the question whether the Union is qualified to assert a right to be the bargaining agent for the employees involved is unanswered; certainly, there is nothing here to indicate that the Union has been so certified by any competent authority.
It is apparent that all concerned have an interest in the interpretation of the statute (Section 3735.31, Revised Code), but is such a legal interest in the absence of a contract between the parties? It seems to us equally apparent that no declaration of the rights and powers of the Authority to grant recognition would end the controversy. Firstly, the question of what labor organization to recognize is an open one, and, secondly, the entrance into an agreement would be, as matters stand, optional with the Authority.
In connection with the latter statement, we observe *Page 43 
that the Union finds itself in a dilemma. The court below did not render what was prayed for in the cross-petition, that is, "a judicial determination as to the right under * * * the Ohio Revised Code * * * to grant" recognition. Instead, it issued a peremptory order to the Authority to recognize the Union, prompting the Union to seek from this court a modification of such order so as to grant the relief sought. The apology for this request is that the court below did not order the Authority to sign a collective bargaining agreement with the Union and that the term "recognize" in the order should be given definition to mean that the Authority would be required "to sit down and talk * * * about problems and concerns of the employees" with the Union.
Our research has failed to unearth a case — and neither counsel has suggested any — in which the provisions of the Declaratory Judgment Act were used in an effort to obtain the end here desired by appellees. And although we are well aware of the mandate in Section 2721.13, Revised Code, that the provisions of the Act "shall be liberally construed and administered," the existence of a justiciable controversy has not been established.
 As Judge Doyle pointed out in Moskowitz v. Federman, 72 Ohio App. 149
at page 164:
"A proceeding for a declaratory judgment must be based upon an actual controversy. The proceeding does not lie to obtain a judgment which is merely advisory or which answers a moot or abstract question. * * *"
In the same vein is the statement of Judge Zimmerman inState, ex rel. Draper, v. Wilder, Recorder, 145 Ohio St. 447 at page 455:
"It has been said that a declaratory judgment is a binding adjudication of the contested rights of litigants, though unaccompanied by consequential relief, whereas an advisory opinion is merely the opinion of a judge or judges of a court, which adjudicates nothing and is binding on no one."
We conclude that the cross-petition of the defendants is in reality a proceeding to obtain the advice or opinion of *Page 44 
the court on a subject of mutual interest to the parties, but no more. The demurrer should have been sustained because the cross-petitioners were not entitled to the relief demanded. The purported declaratory judgment below is reversed and the cross-petition dismissed.
From any approach, it is obvious that the second judgment and order, to wit, the finding of guilt of contempt of court, is invalid. The court below, even if the cross-petition is said to set forth a justiciable controversy, went far beyond its authority in an effort to compel recognition. The attempt to punish disobedience of such invalid order by contempt proceedings is totally ineffective, even if the fact that such order was being appealed is disregarded. Therefore, the finding of guilt of contempt and the penalty imposed therefor is set aside and held for naught and the charge dismissed.
Judgment accordingly.
HILDEBRANT and HESS, JJ., concur.