GROVEPORT-MADISON LOCAL EDUCATION ASSOCIATION, OEA/NEA, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLANTS.

[Cite as *Groveport–Madison Local Edn. Assn., OEA/NEA v. State Emp. Relations Bd.* (1992), 62 Ohio St.3d 501.]

(No. 90–2479—Submitted December 4, 1991—Decided February 12, 1992.)

502

*Cloppert, Portman, Sauter, Latanick & Foley, Mark A. Foley* and *Susan Hayest Kozlowski,* for appellee.

*Lee I. Fisher,* Attorney General, and *Joseph M. Oser,* for appellant SERB.

*Whalen & Compton, G. Frederick Compton, Jr., R. Brent Minney* and *Patricia A. Hill,* for appellant school board.

---

DOUGLAS, J. The only issue which is properly before us is whether the Court of Common Pleas of Franklin County has jurisdiction under R.C. 119.12 to review SERB's determination that the association's partial strike against the

school board was unauthorized. For the reasons that follow, we find that the trial court has jurisdiction to consider the merits of the association's R.C. 119.12 appeal.

Appellants contend that R.C. 4117.23, which expressly permits an appeal to the court concerning the imposition of strike penalties, impliedly prohibits the association from maintaining an R.C. 119.12 appeal from SERB's determination that the strike was unauthorized. We disagree.

In *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St.3d 224, 527 N.E.2d 864, syllabus, this court held that SERB is "an 'agency' whose adjudications are made subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M)." Therefore, as we recently stated in *Ohio Historical Society v. State Emp. Relations Bd.* (1990), 48 Ohio St.3d 45, 46, 549 N.E.2d 157, 158, "the general provisions of R.C. 119.12 govern the appealability of an adjudication order issued by SERB," except where R.C. Chapter 4117 provides for *specific* procedures to initiate an appeal from a particular adjudication order, or where R.C. Chapter 4117 *specifically* prohibits an appeal from an adjudication order issued by SERB. See, also, *South Community, supra*, 38 Ohio St.3d at 226–227, 527 N.E.2d at 866–867.

R.C. 4117.23 specifically provides that the imposition of a strike penalty is appealable to the court. R.C. 4117.23 does not, however, address the appealability of a determination by SERB that a strike is not authorized. R.C. 4117.23 neither specifically prohibits an appeal from a determination by SERB that a strike is unauthorized, nor sets forth specific appeal procedures governing the right to appeal such a determination. Accordingly, our holding in *South Community* requires that the general provisions of R.C. 119.12 govern the appealability of a determination by SERB that a strike is not authorized.

Appellants cite *Central Ohio Transit Auth. v. Transport Workers Union of America, Local 208* (1988), 37 Ohio St.3d 56, 524 N.E.2d 151, to support the argument that R.C. 4117.23 impliedly precludes an appeal from SERB's determination that a strike is not authorized. In *Central Ohio Transit Auth.*, at paragraph two of the syllabus, we held that under R.C. 4117.16(A), the court of common pleas is without jurisdiction over a strike by public employees after SERB has determined, pursuant to R.C. 4117.16(A), that a strike does not pose a clear and present danger to the public health or safety. Under R.C. 4117.16(A), the jurisdiction of the court is specifically conditioned upon SERB's determination that a strike poses a clear and present danger. Conversely, R.C. 4117.23 does not limit the jurisdiction of the court of common

pleas with respect to SERB's determination that a strike is unauthorized. Appellants' reliance upon *Central Ohio Transit Auth.* is misplaced.

Both appellants also rely on our discussion concerning R.C. 4117.23 in *South Community, supra.* Appellant school board also relies on *Ohio Historical Society, supra,* to support the contention that R.C. 4117.23 precludes the association from maintaining an R.C. 119.12 appeal from SERB's determination that the strike was unauthorized. However, our discussion of R.C. 4117.23 in these two cases is clearly limited to the appealability of strike penalties. An appeal from a determination by SERB that a strike is not authorized is governed by R.C. 119.12.

R.C. 119.12 provides in part that "[a]ny party adversely affected by any order of an agency issued pursuant to * * * [an] adjudication may appeal to the court of common pleas of Franklin county * * *." An "adjudication" is " * * * the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *." R.C. 119.01(D). We find that a determination by SERB that a strike is not authorized is clearly an "adjudication" order as we have heretofore understood that term. Here, the association, a "party," [4] was adversely affected by SERB's determination and could properly appeal under R.C. 119.12 if, as explained *infra*, SERB's order is a "final order."

Having concluded that R.C. 119.12 governs the right of a party to appeal a determination by SERB that a strike is not authorized and that such a determination by SERB constitutes an "adjudication" order, we must next consider whether SERB's order that a strike is not authorized is a "final order" within the meaning of R.C. 2505.02, since an order of SERB must comply with R.C. 2505.02 to be appealable. *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260, paragraph three of the syllabus.

R.C. 2505.02 [5] defines three types of final orders: "(1) an order affecting a substantial right in an action which in effect determines the action and

---

4. R.C. 119.01(G) defines a "party" as the " * * * *person* whose interests are the subject of an adjudication by an agency." (Emphasis added.) R.C. 119.01(F) defines a "person" as " * * * a person, firm, corporation, *association*, or partnership." (Emphasis added.)

5. R.C. 2505.02 provides in relevant part:
"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial.  * * * "
*Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 67.  Today, we need only discuss the first type of final order, which is an order affecting a substantial right which determines an action and prevents a judgment.

A determination by SERB that a strike is not authorized affects the rights of public employees to abstain, in whole or in part, from the full, faithful and proper performance of their job duties to induce, influence or coerce a change in wages, hours, terms and other conditions of employment.  In our judgment, the right to strike without reprisal is clearly a substantial right of public employees and their exclusive bargaining representative because it is, perhaps, the only right these parties have to effectively obtain a beneficial settlement over disputed issues.  Further, a decision by SERB that a strike is not authorized fixes and determines the rights of public employees, the exclusive bargaining representative, and the public employer, and prevents the exclusive bargaining representative from obtaining a favorable determination by SERB on the issue.  Therefore, a determination by SERB that a strike is not authorized is a "final order" within the meaning of R.C. 2505.02.

For the foregoing reasons, we find that the association's R.C. 119.12 appeal should not have been dismissed by the trial court.  We hold that a determination by the State Employment Relations Board that a strike is not authorized is a final adjudication order which may be appealed by a proper party to the Court of Common Pleas of Franklin County under R.C. 119.12.

Our holding today is a natural progression from our prior decisions.

In *South Community, supra,* syllabus, this court held, in a clear statement of purpose, that R.C. 4117.02(M) creates a general statutory right to appeal SERB's adjudication orders pursuant to R.C. 119.12.  Recently, in *Ohio Historical Society, supra,* we reaffirmed our view concerning the general right to appeal SERB's final adjudication orders under R.C. 119.12.  Today, we strongly reaffirm our commitment to ensure that final orders issued by SERB are subject to judicial review.

Accordingly, we affirm the judgment of the court of appeals.  We order that appellee's R.C. 119.12 appeal be reinstated and we remand this cause to the trial court to review the merits of that appeal.

*Judgment affirmed.*

Moyer, C.J., Sweeney, Wright, H. Brown and Resnick, JJ., concur.
Holmes, J., concurs in judgment only.