[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 112.]

THE CITY OF NORTH CANTON, APPELLANT, *v*. HUTCHINSON, APPELLEE.

[Cite as *North Canton v. Hutchinson*, 1996-Ohio-170.]

*Appellate procedure—Directive issued by jail authority releasing defendant and suspending commencement of sentence because jail is at maximum capacity is not an "order" that may be appealed—R.C. 2505.03(A) and 2505.02, construed and applied.*

———————————

Absent explicit review and judgment by a trial court, a directive issued by a jail authority releasing a defendant and suspending the commencement of his or her sentence because the jail is at maximum capacity and cannot accommodate the defendant is not an "order" that may be appealed. (R.C. 2505.03[A] and 2505.02, construed and applied.)

———————————

(No. 94-1893—Submitted December 6, 1995—Decided March 4, 1996.)

APPEAL from the Court of Appeals for Stark County, No. 9434.

———————————

{¶ 1} On February 27, 1993, appellee, Nancy K. Hutchinson, was arrested for disorderly conduct, criminal trespass and resisting arrest. The events leading to appellee's arrest resulted from her conduct and refusal to leave a private residence in North Canton, Ohio where her husband was staying.

{¶ 2} On June 30, 1993, appellee was convicted on all charges, fined and sentenced accordingly. The trial court ordered appellee to report immediately to the Stark County Jail to begin her twelve-day jail term. The judgment entry regarding these matters was also filed on June 30, 1993.

{¶ 3} Appellee reported to jail as ordered by the trial court. However, due to "jail overcrowding," appellee was issued an "Order of Release" by the shift

supervisor. The release suspended the commencement of appellee's jail term. The release provided that appellee was to return and begin serving her twelve day sentence on July 3, 1998 at 9:00 a.m.

{¶ 4} The release was signed by appellee and the shift supervisor. Appellee's release was noted by the clerk on the trial court docket sheet and the release is included in the case file. However, there is nothing in the record indicating that the release and conditions therein were reviewed by the trial court. The release was not signed by the court, nor was it part of the June 30, 1993 entry or any court order or judgment entry.

{¶ 5} On July 30, 1993, appellee appealed to the Court of Appeals for Stark County, challenging her convictions, fines and *delay in execution of sentence*. The court affirmed the convictions and fines, but remanded the cause to the trial court with respect to the delay. The court of appeals held that the delay in commencement of sentence for more than five years was cruel and unusual punishment and that it violated R.C. 2951.07. The city of North Canton, appellant, appealed to this court the judgment of the court of appeals involving the delay in the commencement of sentence.

{¶ 6} The cause is now before this court pursuant to the allowance of a discretionary appeal.

———————————

*Thomas M. Bernabei*, Canton City Law Director, *Francis G. Forchione*, Canton City Prosecutor, and *Jay J. Pordan*, Assistant City Prosecutor, for appellant.

*Todd A. Bergert*, for appellee.

*Rittgers & Mengle* and *W. Andrew Hasselbach*, urging affirmance for *amicus curiae*, Ohio Association of Criminal Defense Lawyers.

———————————

**DOUGLAS, J.**

**{¶ 7}** The only issue before this court concerns the "Order of Release" issued by the shift supervisor for the Stark County Jail, releasing appellee and delaying the commencement of her jail term until July 3, 1998.[1] Specifically, appellant appeals to this court contending that the directive issued by the shift supervisor was not an appealable "order" and, therefore, the court of appeals was without jurisdiction to review whether the delay was proper.

**{¶ 8}** Appellee, on the other hand, argues that the issue regarding the suspension of sentence was properly before the court of appeals because the release issued by the shift supervisor stated that she (appellee) was "released * * * due to a special journal entry governing jail overcrowding," and because her release was noted on the trial court docket sheet. In this regard, appellee asserts that the trial court had specifically "authorized the jail to release certain defendants and order them to report back at a future date." Additionally, appellee asserts that the release was a final and appealable order because "there is no question that the order affected a 'substantial right' as that term is used in Ohio Revised Code section 2505.02 * * *."

**{¶ 9}** It is important to first note that this court is deeply concerned with the issue of jail overcrowding with the results, flowing therefrom in some parts of the state, of court-ordered sentences of incarceration not being carried out. Some of the reasons for this crises, as well as facts and figures with relation to the problem, are fully documented in the well researched and written column of Glenn Gilbert, Managing Editor of The News-Herald, Willoughby, Ohio, in an article appearing in The News-Herald of December 9, 1995.[2] We are not unaware of such comment.

---

1. Appellee has not filed a cross-appeal with regard to the affirmance by the court of appeals of her conviction and sentence.

2. See Appendix, *infra*.

**{¶ 10}** We are further mindful that it might be of help to the bench and bar of this state for us to weigh in on the "cruel and unusual" punishment question presented to us. It would also be appropriate, if we had jurisdiction, to comment on (1) the possible use of mandamus to bring about a final order that would be appealable; (2) the applicability or nonapplicability of R.C. 2953.21, post-conviction relief; (3) the disconcerting and seemingly unlimited power given to some jailers to pick and choose which sentences of incarceration should be carried out immediately and those that are to be deferred; and (4) the necessity of legislative and executive authority to provide the wherewithal for the third branch of government, the Judiciary, to carry out our sworn responsibilities.

**{¶ 11}** It is tempting to us to consider, discuss and rule on some or all of the foregoing issues and even some others not set forth. In addition, we recognize that the main issue presented is one that is capable of repetition. However, none of this matters because the issue being appealed to us does not emanate from an order which is final and appealable, as explained *infra*. Accordingly, any opinion we would render on an issue which is not the subject of a final judgment would be, at best, advisory in nature. It is, of course, well settled that this court will not indulge in advisory opinions. See *Egan v. National Distillers & Chemical Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus; *Armco, Inc. v. Pub. Util. Comm.* (1982), 69 Ohio St.2d 401, 406, 23 O.O.3d 361, 365, 433 N.E.2d 923, 926; and *Cascioli v. Central Mut. Ins. Co.* (1983), 4 Ohio St.3d 179, 183, 4 OBR 457, 460, 448 N.E.2d 126, 129. Thus, for the reasons which follow we *must* respectfully decline to answer the issue presented.

**{¶ 12}** The contentions set forth by appellee do not support a finding that the directive issued by the jail supervisor was an appealable order. R.C. 2505.03(A) states that "[e]very final *order*, *judgment*, or *decree of a court* and, *when provided by law*, the final order of *any administrative* officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a

4

court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." (Emphasis added.) Further, R.C. 2505.02 sets forth three types of final orders: "'(1) an order affecting a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial.'" *Groveport-Madison Local Edn. Assn., OEA/NEA v. State Emp. Relations Bd.* (1992), 62 Ohio St.3d 501, 505-506, 584 N.E.2d 700, 703, citing *Chef Italiano Corp. v. Kent State Univ*. (1989), 44 Ohio St.3d 86, 87-88, 541 N.E.2d 64, 67.

{¶ 13} The directive issued by the shift supervisor was not an "order" as that term is used in R.C. 2505.03(A) or 2505.02. It was not an order issued by a court, nor did it emanate from an administrative entity. R.C. 2505.03(A). In fact, regardless of the language used in the release, there is nothing in the record indicating that the trial court was ever aware that commencement of appellee's jail term had been suspended. Appellee's release from jail and suspension of sentence was granted *solely* by the jail shift supervisor and not the trial court. Moreover, although appellee's release was noted on the docket sheet, the release and conditions therein were not reviewed and approved by the trial court and the release was not part of a court order or entry.

{¶ 14} Thus, we hold that absent explicit review and judgment by a trial court, a directive issued by a jail authority releasing a defendant and suspending the commencement of his or her sentence because the jail is at maximum capacity and cannot accommodate the defendant is not an "order" that may be appealed.

{¶ 15} Since the order issued by the supervisor of the jail was not an appealable order, we are, as was the court of appeals, without jurisdiction to consider whether the delay in commencement of appellee's sentence was proper. The appropriate time for us and/or the court of appeals to consider this issue is when it has properly been appealed from a final order.

**{¶ 16}** Accordingly, since neither the court of appeals nor we had nor have jurisdiction to consider the issue, we vacate that portion of the judgment of the court of appeals which dealt with the commencement of sentence issue and, further, we dismiss this appeal. We remand the case to the trial court which may, on remand, enforce its order or enter an amended order to reflect deferral of the incarceration of appellee or take whatever other action the trial court deems appropriate.

*Appeal dismissed.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT AND PFEIFER, JJ., concur separately.

MOYER, C.J., WRIGHT and COOK, JJ., concur in the syllabus and judgment.

———————

**PFEIFER, J. concurring.**

**{¶ 17}** I concur with Justice Douglas's majority opinion and syllabus, but regret that the procedural posture of this case kept us from addressing the problems it illustrates. The lack of jail space requires sentencing judges to concern themselves not only with justice, but also with practicalities.

WRIGHT, J., concurs in the foregoing concurring opinion.

———————