CITY OF TOLEDO

v.

TOLEDO EDISON COMPANY.

2001-Ohio-4358.]

Court of Common Pleas of Ohio,
Lucas County.

No. CI 99–1927.

Decided Dec. 5, 2001.

Barbara Herring, John Madigan, Kerry Bruce and Leslie Kovacik, Department of Public Utilities, for plaintiff.

Thomas S. Zaremba and Stephen B. Mosier, for defendant.

JUDITH ANN LANZINGER, Judge.

## I. Introduction

{¶ 1} This declaratory judgment action is brought by the city of Toledo to determine its rights and the consequences if a Special Improvement District ("SID") is authorized to provide electricity to city residents. The city now asks whether an agreement entered into January 28, 1997, with the Toledo Edison Company will be affected if a SID is created by city residents to provide electrical service to members within the district.[1] Edison strenuously objects that there is no case or controversy before the court and that the complaint should be dismissed on grounds of nonjusticiability. Each side filed a motion for summary judgment and two motions to strike have been filed.

{¶ 2} The various briefs and appropriate supporting documentation under Civ.R. 56(E) have been considered. The motions to strike will be granted. Plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted. This case is dismissed for lack of a justiciable case or controversy.

---

1. Defendant Edison had filed a Civ.R. 12(B)(1) motion to dismiss count two of the complaint for lack of subject matter jurisdiction. That count related to the technical issue of stranded costs, a matter within the exclusive jurisdiction of FERC. Thus, the motion was granted on September 19, 2000.

## II. Edison's Motions to Strike

{¶ 3} Edison filed two motions to strike certain inadmissible portions of exhibits attached to the city's response brief filed May 16, 2001, and to its June 1, 2001, motion for summary judgment. Specifically it challenges newspaper articles, opinion letters of legal counsel, and Councilman Peter Gerken's affidavit, insofar as he purported to testify to the content of statements made to him by others not a party to the litigation. Summary judgment must be based upon materials allowable under Civ.R. 56(C):

{¶ 4} " * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.  * * *"* (Emphasis added)

{¶ 5} Newspaper articles inherently constitute inadmissible hearsay. *State v. Lundgren* (1995), 73 Ohio St.3d 474, 653 N.E.2d 304. There is no exception under Evid. R. 802 for the self-serving declarations within counsel's legal opinions. The segments of Gerken's affidavit of May 29, 2001 (¶ 3, 4, 5, 6, 7, 9, and 10) all relate to statements made to him by others and are also based upon mere "belief." The court cannot consider these objectionable statements. See, e.g., *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 631, 605 N.E.2d 936, fn. 4.

{¶ 6} Edison's motions were advanced under Civ.R. 56(E), which provides:

{¶ 7} " * * * Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

{¶ 8} Thus, the city's response that the motion to strike is improper under Civ.R. 12(F) is misguided. Although the city also argues that the consideration of these materials would not affect a substantial right of Edison, this misses the

point. Improper materials simply may not be considered during a ruling on a motion for summary judgment. The motions to strike are therefore well taken.

## II. Motions for Summary Judgment

{¶ 9} Under Civ.R. 56(C), a motion for summary judgment is properly granted if the court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that (1) there are no genuine issues as to any material facts, (2) the movant is entitled to a judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. When a party moves for summary judgment, that party bears the initial burden of demonstrating that no genuine issue of material fact exists concerning an essential element of the nonmoving party's case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The moving party's motion for summary judgment must be supported by those parts of the record, for example, depositions and affidavits, that show that the nonmoving party has no evidence to support its claims. Id. at 293, 662 N.E.2d 264. If the moving party carries its initial burden, then the nonmoving party must rebut with specific facts showing that a triable issue of material fact does exist. Id.

{¶ 10} Both sides have requested summary judgment on the remaining count in this case.

{¶ 11} The city has cast its complaint as a declaratory judgment action. To obtain declaratory relief, plaintiff must establish (1) a real controversy between the parties, (2) a justiciable controversy, and (3) that speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261; *Haig v. State Bd. of Edn.* (1992), 62 Ohio St.3d 507, 584 N.E.2d 704.

{¶ 12} Inherent in these requirements is the principle that Ohio courts do not render advisory opinions. *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904; *Armco, Inc. v. Pub. Util. Comm.* (1982), 69 Ohio St.2d 401, 23 O.O.3d 361, 433 N.E.2d 923. "A proceeding for a declaratory judgment must be based upon an actual controversy. The proceeding does not lie to obtain a judgment which is merely advisory or which merely answers a moot or abstract question." *Moskowitz v. Federman* (1943), 72 Ohio App. 149, 164, 27 O.O. 53, 51 N.E.2d 48. Similarly, a declaratory judgment action will not lie to obtain a judgment which is advisory in nature or which is based on an abstract question or a hypothetical statement of facts. *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871; *Cincinnati*

*Metro. Hous. Auth. v. Union* (1969), 22 Ohio App.2d 39, 51 O.O.2d 45, 257 N.E.2d 410.

{¶ 13} For a "controversy" to exist there must be a "genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 13, 574 N.E.2d 533, citing *Burger Brewing Co.,* supra, 34 Ohio St.2d at 97, 63 O.O.2d 149, 296 N.E.2d 261. Similarly, the issue of justiciability involves a question of whether the controversy has the necessary "ripeness" for review. *Burger Brewing Co.* at 97, 63 O.O.2d 149, 296 N.E.2d 261.

{¶ 14} The parties to this lawsuit, the city and Edison, entered into an agreement January 28, 1997, whereby, among other things, Edison agreed to pay the city $1.3 million per year beginning January 1, 1998, for five years, as long as the city did not sell or engage in the business of furnishing electric service to any Edison customer. The city seeks a judgment declaring that creation of an R.C. Chapter 1710 Special Improvement District ("SID") to provide electric service will not trigger a cutoff of Edison's funding under the agreement.

{¶ 15} Edison emphasizes that R.C. Chapter 2721, the Ohio Declaratory Judgment Act, was not designed to be used to resolve hypothetical controversies. To this end it asserted its Tenth Defense that:

{¶ 16} "35. Plaintiff improperly seeks an advisory opinion on claims which are not yet ripe, and which do not present a justiciable controversy. Plaintiffs' claims are hypothetical."

{¶ 17} In its response to Interrogatory No. 9, the city answered, in part:

{¶ 18} *"The city does not contend that any citizens are considering the creation of a Special Improvement District* to sell electricity within the city. However, the City does contend that any citizens who *might.*consider the creation of a Special Improvement District will be unable to accurately determine the financial feasibility of such a district without first determining whether or not they would owe stranded costs to Toledo Edison." (Emphasis added.)

{¶ 19} Responding to Edison's argument that this case is not one for declaratory judgment, the city cites R.C. 2721.04:

{¶ 20} "Subject to division (B) of section 2721.02 of the Revised Code, a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract."

{¶ 21} But the parties have agreed that their contract does not specifically address SIDs as a vehicle for providing electricity. Furthermore, within its response brief filed May 16, 2001, the city notes, "It is equally clear that neither party contemplated the potential creation of a Special Improvement District

(SID) under Revised Code Chapter 1710 for the purpose of selling electricity to Toledo Edison customers located in Toledo." In other words, the parties did not expect this to be part of their contract; more important, however, the claim is hypothetical as no SID exists yet.

{¶ 22} This court agrees with Edison's position. Since an SID has not been made a party to this action, has never been created, and the city cannot identify anyone who intends to create an SID, the matter is nonjusticiable and should be dismissed. Furthermore, the agreement expires by its terms in 2002. Upon expiration, it will have no consequence to the parties as far as any SID creation is concerned.

{¶ 23} R.C. 2721.07 provides:

{¶ 24} "Courts of record may refuse to render or enter a declaratory judgment or decree under this chapter if the judgment or decree would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought." *Finefrock v. Muskingum Watershed Conservancy Dist.* (1937), 56 Ohio App. 271, 9 O.O. 376, 10 N.E.2d 638; *Driscoll v. Bailey Dev. Co.* (1955), 154 N.E.2d 1, 82 Ohio Law Abs. 372 (decree concerning effect of building restrictions refused when unconditional plans did not exist); *R.A.S. Entertainment, Inc. v. Cleveland* (1998), 130 Ohio App.3d 125, 719 N.E.2d 641 (complaint not justiciable in seeking advance ruling on whether certain performances were "obscene").

{¶ 25} Here, although the city attempts to say it "considered" creation of an SID and offered the affidavit of Councilman Pete Gerken in support, as noted, those statements in the affidavit have been struck from the record. Even if the affidavit were considered, Gerken does not contradict the city's admission that no one is planning creation of an SID at the present time. The individuals who may plan such a SID, how and where it would exist, why it might be created, are all unknown at this point. This court may not anticipate what may never happen, particularly since this contract will expire in the near future.

{¶ 26} As the Eighth District Court of Appeals explained in affirming a trial court's granting of summary judgment in favor of defendants in similar circumstances:

{¶ 27} "There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy. *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 574 N.E.2d 533, citing *Burger Brewing Co. v. Liquor Control*

*Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261." *Halley v. Ohio Co.* (1995), 107 Ohio App.3d 518, 524, 669 N.E.2d 70.

{¶ 28}   Because this matter is nonjusticiable, the city of Toledo's motion for summary judgment must be denied and the Toledo Edison Company's motion must be granted.

### JUDGMENT ENTRY

{¶ 29}   It is ORDERED that the motion to strike filed by the Toledo Edison Company is GRANTED; it is FURTHER ORDERED that the motion for summary judgment filed by the plaintiff, city of Toledo, is DENIED, and the motion of defendant, the Toledo Edison Company, for summary judgment is GRANTED.   The city of Toledo's complaint is dismissed with prejudice on the remaining count.

{¶ 30}   THIS IS A FINAL APPEALABLE ORDER, NO JUST CAUSE FOR DELAY.

Judgment accordingly.