JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the common pleas court's decision dismissing the furthermore clause of the indictment against defendant-appellee, Russell Elston ("Elston"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Elston was charged with felony domestic violence which included a furthermore clause alleging a prior domestic violence conviction. He was also charged with child endangering. Elston moved to dismiss the indictment, or in the alternative, to dismiss the furthermore clause because it was based on a 2004 domestic violence conviction which he claimed was uncounseled. The trial court ultimately agreed that the prior conviction was uncounseled and dismissed the furthermore clause.
 {¶ 3} The court reasoned that because it dismissed the furthermore clause, an essential element of the offense, it would also dismiss the domestic violence charge in its entirety. The court further acknowledged the overwhelming evidence supporting Elston's innocence. The court also dismissed the child endangering count based on uncontested evidence that the child victim was not Elston's son as alleged in the indictment. Accordingly, the trial court dismissed the entire indictment against Elston.
 {¶ 4} The State appeals, raising four assignments of error, which relate solely to the trial court's dismissal of the furthermore clause. Because we find that the State has made no argument regarding the overall dismissal of the indictment, we find the assigned errors moot.
 {¶ 5} Even if we found merit in the State's appeal, the indictment remains dismissed. Therefore, our decision does not affect the overall procedural status of the case. Any decision on the merits would be purely advisory. "An action will not lie to obtain a judgment which is merely advisory in nature or which answers a moot or abstract question." State v. Duncan, Cuyahoga App. No. 85367, 2006-Ohio-691, citing Cincinnati Met. HousingAuth. v. Union (1969), 22 Ohio App.2d 39, 43, 257 N.E.2d 410. Because appellate courts are prohibited from issuing advisory opinions, we decline to address the merits of the assigned errors raised. Id., citing City of North Canton v. Hutchinson,75 Ohio St.3d 112, 114, 1996-Ohio-170, 661 N.E.2d 1000; Miner v. Witt
(1910), 82 Ohio St. 237, 238, 92 N.E.21 (holding that an appellate court is not required to issue an advisory opinion to rule on a question of law that cannot affect matters at issue in a case).
 {¶ 6} Accordingly, the State's assignments of error are overruled.[1]
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. concurs Gallagher J. concurs in Judgment Only.
 Appendix
I. The trial court erred in dismissing the Furthermore clause, on the grounds that defendant-appellee was uncounseled at the plea in the underlying case, because the defendant-appellee did not establish a prima facie showing that he had a right to counsel in the underlying case.
II. The trial court erred in dismissing the Furthermore clause on the grounds that defendant-appellee was uncounseled at the plea in the underlying case, because the defendant-appellee waived his right to counsel in the underlying case.
III. The trial court erred in dismissing the Furthermore clause, on the grounds that the wavier of rights form was deficient in the underlying case, because there can be no collateral attack on a prior conviction for that reason.
IV. The trial court erred in dismissing the Furthermore clause, on the grounds that the waiver of rights form in the underlying case was insufficient, because the defendant-appellee has no right to be informed that a subsequent domestic violence case may be enhanced to a felony.
[1] The assignments of error are set forth in the appendix.