[Cite as *In re Contempt of Brewster*, 2015-Ohio-4984.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102405**

# IN RE: CONTEMPT OF
# LAURA BREWSTER AND AMY BOND

In the matter styled:

*In re: J.A.*

## JUDGMENT:
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD14900309

**BEFORE:** McCormack, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 3, 2015

**ATTORNEYS FOR APPELLANTS**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Michelle A. Myers
Dale F. Pelsozy
Assistant County Prosecutors
3955 Euclid Ave., #305E
Cleveland, OH 44115

TIM McCORMACK, J.:

{¶1} The Cuyahoga County Department of Children and Family Services ("CCDCFS" or the "agency") and the Cuyahoga County Prosecutor's Office appeal from a judgment of the juvenile court that found a social worker and an assistant prosecutor in contempt of court in a custody matter. Finding merit to the appeal, we reverse the juvenile court's finding of contempt.

## Background

{¶2} CCDCFS brought a complaint alleging J.A. was dependent due to his mother's substance abuse. On March 26, 2014, the magistrate held a hearing relative to the complaint. The magistrate found J.A. to be dependent and ordered him into the protective supervision of CCDCFS. In addition, the magistrate's decision, subsequently adopted by the trial court, set forth conditions for the prospective removal of the child. Appellants contend the portion of the decision regarding the prospective removal of the child appeared to lack in clarity, and it is the subject matter of the instant appeal. The pertinent portion of the magistrate's decision read:

> Mother is to be drug tested by hair follicle test by Thursday March 27, 2014 at 4:00 P.M. If the test provides ANY positive drug result, this matter will be brought before the court IMMEDIATELY. If the mother test[s] positive for any illegal drug or alcohol or the child misses ANY medical appointment, the child is to be removed from the home immediately and this matter is to be brought before the court IMMEDIATELY.

{¶3} The day after the hearing, March 27, 2014, J.A.'s mother completed a hair follicle test and a urine screen, as ordered. Her tests results were negative as to drugs or alcohol. Over the next few months, a case plan was implemented for her and she was

monitored by the agency. Sometime in May 2014, however, she tested positive for opiates. Amy Bond, the social worker supervising this matter, learned from the mother's mother (J.A.'s maternal grandmother) that the grandmother had given a pill to her daughter (J.A.'s mother) for her headache. The pill came from a bottle with a mix of several pills, and she (J.A.'s grandmother) did not realize she had given her daughter one that contained opiates. Bond did not report this information to the prosecutor's office because she made a determination that J.A. was not at risk. Moreover, Bond interpreted the March 26, 2014 order to mean that a removal would be required only if and when the tests ordered for March 27, 2014, were positive for drugs or for alcohol (or if the child missed any medical appointments).

{¶4} J.A.'s mother did well on subsequent regular drug screening until the end of September 2014, when she again tested positive for opiates. Around that time, the agency also learned that J.A. had missed medical appointments. The agency did not immediately remove the child from the home, based on the advice of the prosecutor's office that the agency lacked the authority to remove the child without a court hearing. Rather, the prosecutor's office filed a Notice of Violation on October 9, 2014, advising the court that J.A.'s mother tested positive for opiates and requesting an immediate hearing.

{¶5} On October 22, 2014, the magistrate held a hearing on the agency's Notice of Violation. The magistrate granted temporary custody of the child to the agency. The magistrate, however, also issued a notice of contempt against both the social worker,

Amy Bond, and Laura Brewster, the assistant prosecutor involved in this matter, for not immediately removing the child from the home prior to the hearing.

{¶6} On November 24, 2014, the magistrate held a hearing over the contempt matter. At the contempt hearing, assistant prosecutor Brewster testified that she began to handle the case in September 2014 after the mother tested positive for opiates. Her understanding was that under the March 26, 2014 magistrate's decision, absent a hearing, the agency did not have the authority to summarily remove the child from his home or to automatically take custody of the child when the mother tested positive for drugs (or if the child missed medical appointments).

{¶7} The magistrate found the social worker and the assistant prosecutor both in contempt of court for failing to immediately remove J.A. after his mother tested positive for drugs. A fine of $100 was imposed on each. Over objections, the trial court adopted the magistrate's decision. This appeal followed.[1] Appellants assign the following error for our review:

> The trial court abused its discretion in adopting the magistrate's decision finding Laura Brewster and Amy Bond in contempt of court and fining them $100 each as the decision was not supported by the evidence and was contrary to law.

### Analysis

{¶8} We review a judgment finding contempt for an abuse of discretion. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

---

[1]This court granted appellants' motion for a stay of execution of the trial court's judgment pending appeal.

**{¶9}** The magistrate's decision, subsequently adopted by the trial court, was lacking in clarity. It did not specify which entity or individual was to remove the child or who would have custody of the child in the event J.A.'s mother tested positive for illegal drugs (or if J.A. missed any medical appointments.) Even more importantly, as we held in a recent decision, *In re B.W.*, 8th Dist. Cuyahoga No. 102475, 2015-Ohio-2768, an order requiring the prospective summary removal of a child from the home and placing the child into immediate custody of the agency contingent upon certain events is unlawful as violative of due process.

**{¶10}** In *B.W.*, the magistrate similarly granted CCDCFS protective supervision of minor children and included a provision for the immediate removal of the children — they were to be immediately removed upon any unexcused absence or when the mother removed the children from the maternal grandmother's home without the agency's approval.

**{¶11}** In analyzing whether the juvenile court had authority to enter an order requiring an immediate removal of a child upon certain conditions, this court reviewed several applicable statutes. R.C. 2151.31(A)(3) permits a child to be taken into custody when there are reasonable grounds to believe that the removal is "necessary to prevent immediate or threatened physical or emotional harm." *Id.* at ¶ 16, citing R.C. 2151.31(A)(3).[2] R.C. 2153.31(G) permits the taking of custody when "necessary in an emergency to prevent the physical injury, emotional harm, or neglect of the child."

---

[2]R.C. 2151.31(A) states:

**{¶12}** This court also noted that, in all custody matters, the welfare of the child remains the primary concern; therefore, the court should always consider the totality of the circumstances, including the best-interest factors set forth in R.C. 3109.04(F). *Id.* at ¶ 17, citing *In re Pryor*, 86 Ohio App.3d 327, 336, 620 N.E.2d 973 (4th Dist.1993).

**{¶13}** Finally, R.C. 2151.353(J)[3] requires that, before entering a removal order pursuant to R.C. 2151.353(A)(6),[4] the court must afford notice and an opportunity to be heard.

---

A child may be taken into custody in any of the following ways:

(1)   Pursuant to an order of the court under this chapter or pursuant to an order of the court upon a motion filed pursuant to division (B) of section 2930.05 of the Revised Code;

(2)   Pursuant to the laws of arrest;

(3)   By a law enforcement officer or duly authorized officer of the court when any of the following conditions are present:

(a)   There are reasonable grounds to believe that the child is suffering from illness or injury and is not receiving proper care, as described in section 2151.03 of the Revised Code, and the child's removal is necessary to prevent immediate or threatened physical or emotional harm;

(b)   There are reasonable grounds to believe that the child is in immediate danger from the child's surroundings and that the child's removal is necessary to prevent immediate or threatened physical or emotional harm;

(c)   There are reasonable grounds to believe that a parent, guardian, custodian, or other household member of the child's household has abused or neglected another child in the household and to believe that the child is in danger of immediate or threatened physical or emotional harm from that person.

[3]R.C. 2151.353(J) states:

**{¶14}** Applying these statutory provisions, this court reasoned that "emergency removal requires more than the threat of future harm and requires consideration of the factors that exist at the time of removal. Such orders, therefore, cannot be preadjudicated." *Id.* at ¶ 19. This court concluded that the juvenile court's order was outside the statutory framework established by R.C. Chapter 2151.

**{¶15}** In addition, this court found an order for immediate emergency custody contingent upon an excused absence or the moving of the family failed to afford the necessary due process protections, because it did not provide judicial procedures assuring the parties of a fair hearing. *Id.* at ¶ 21– 22.

**{¶16}** Similar to *B.W.*, the March 26, 2014 magistrate's decision ordering an immediate removal of the child upon the mother's positive drug test or any missed

---

> If a motion or application for an order described in division (A)(6) of this section is made, the court shall not issue the order unless, prior to the issuance of the order, it provides to the person all of the following:
>
> (1)   Notice and a copy of the motion or application;
>
> (2)   The grounds for the motion or application;
>
> (3)   An opportunity to present evidence and witnesses at a hearing regarding the motion or application;
>
> (4)   An opportunity to be represented by counsel at the hearing.

[4]R.C. 2151.353(A)(6) authorizes the removal of a child from the home "until further order of the court of the person who committed abuse as described in section 2151.031 of the Revised Code against the child, who caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, or who is the parent, guardian, or custodian of a child who is adjudicated a dependent child and order any person not to have contact with the child or the child's siblings."

medical appointment was without authority and contrary to law. As this court concluded in *B.W.*, the removal of a child requires a hearing to determine the immediacy of harm and best interest of the child, in light of the totality of circumstances existing at the time. In this case, the significant passage of time between the initial order and the mother's positive test made such an inquiry even more essential. A summary removal ordered by the court without a fair hearing was without authority and contrary to law.

{¶17} A party cannot be found in contempt of an unlawful or invalid order. *Jurek v. Jurek*, 8th Dist. Cuyahoga No. 52846, 1987 Ohio App. LEXIS 7809, *3-4 (July 9, 1987), citing *Cincinnati Metro. Hous. Auth. v. Cincinnati Dist. Council*, 22 Ohio App.2d 39, 257 N.E.2d 410 (1st Dist.1969). The trial court here exceeded its authority to order the prospective summary removal of a child from his or her home without a hearing assessing the immediate risk of harm and the best interest of that child at the time of removal. The trial court abused its discretion in finding social worker Amy Bond and assistant prosecutor Laura Brewster in contempt for failing to carry out its unsustainable order.

{¶18} This cause is reversed.

Having sustained appellant's assignment of error and there being no identifiable appellee, the court waives the costs.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR