DECISION AND JUDGMENT ENTRY
{¶ 1} Eagle Fireworks, Inc. ("Eagle Fireworks") appeals the Washington County Court of Common Pleas judgment granting the motions to dismiss filed by the Ohio Department of Commerce, State Fire Marshal ("State Fire Marshal") and Safety 4th Fireworks, Inc. ("Safety 4th"). Eagle Fireworks argues that the trial court erred in dismissing its complaint, which alleged that the State Fire Marshal unlawfully entered into an agreed order allowing Safety 4th to transfer its fireworks license in violation of a legislative moratorium. Eagle Fireworks also sought to preclude the transference of Safety 4th's license to Washington County, on the ground that the court could not invalidate the judgment of another court. We do not address the merits of Eagle Fireworks' appeal because we conclude that the trial court lacked jurisdiction to hear this case. Eagle Fireworks failed to demonstrate that an actual controversy existed where there was no evidence that Safety 4th had taken any affirmative steps towards transferring its license to Washington County, except possibly making an initial inquiry into the profitability of the local fireworks market. Because there was only a hypothetical question before the court, which may or may not occur, the matter was not ripe for adjudication.
 {¶ 2} In January 2002, Eagle Fireworks filed a complaint against the State Fire Marshal and the Ohio Attorney General[1] seeking a temporary restraining order ("TRO"), a preliminary injunction, and a permanent injunction preventing the State Fire Marshal from transferring Safety 4th's license to sell fireworks from Jefferson to Washington County. Eagle Fireworks alleged that R.C. 3743.75 imposed a moratorium until December 15, 2005 on the transfer of licenses to sell fireworks, except in the original location, township, or municipality. However, despite this moratorium, the State Fire Marshal settled a case filed against it in Jefferson County by agreeing to allow the transference of Safety 4th's license. Eagle Fireworks alleged that the transference of Safety 4th's license to Washington County would significantly harm Eagle Firework's sales and ability to attract customers.
 {¶ 3} The court granted Eagle Fireworks' request for a TRO and, following a hearing, granted its request for a preliminary injunction. The State Fire Marshal sought to join Safety 4th as an indispensable party and moved to dismiss Eagle Fireworks' complaint for failure to state a claim upon which relief can be granted. The court ultimately joined Safety 4th as a party defendant and Safety 4th filed a similar motion to dismiss. The trial court granted both the State Fire Marshal's and Safety 4th's motions to dismiss, finding that the Jefferson County Court of Common Pleas had filed an agreed order permitting the transference of Safety 4th's fireworks license, subject to certain conditions. The trial court concluded that Eagle Fireworks was seeking the invalidation of the Jefferson County order and that the trial court could not invalidate another court's order unless that court lacked jurisdiction. Since Eagle Fireworks did not allege that the Jefferson County court lacked jurisdiction to decide the case, the trial court concluded that Eagle Fireworks' complaint must be dismissed.
 {¶ 4} Eagle Fireworks timely appealed the trial court's judgment entry, citing the following errors: "I. The trial court in claiming Appellees' motion on the pleadings and motion to dismiss based upon the "collateral attack" issue because, under the law, it was not applicable [sic]. II. The finding of the trial court is against the manifest weight of the evidence."
 {¶ 5} Both Eagle Fireworks and the State Fire Marshal requested oral argument in this matter,[2] during which we sua sponte raised the question of ripeness, i.e. whether an actual, present controversy existed or whether the controversy was merely speculative. We instructed the parties to file supplemental briefs addressing this issue and the parties complied.
 {¶ 6} In its brief, Eagle Fireworks asserts that this case is ripe for judicial review but provides no real support for its contention. The State Fire Marshal submits that if we examine the facts available at the time of the filing of the complaint, this controversy is not ripe for review. However, if we examine the facts as they currently exist, we cannot determine the ripeness of this controversy.[3] Nonetheless, the State Fire Marshal asks us not to address the ripeness issue, but to decide the case on its merits and affirm the trial court's decision.
 {¶ 7} Despite both parties' request that we proceed with the merits of this case, it is settled law that subject matter jurisdiction cannot be conferred on a court by the consent or waiver of the parties. Statev. Wilson, 73 Ohio St.3d 40, 46, 1995-Ohio-217, 652 N.E.2d 196. Further, when an appellate court determines that the trial court was without jurisdiction, it is not proper for the reviewing court to decide the merits of the case. See, generally, Bretton Ridge Homewoners Club v.DeAngelis (1985), 22 Ohio App.3d 65, 68-69, 488 N.E.2d 925.
 {¶ 8} Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by the law." See, also, N. Canton v. Hutchinson, 75 Ohio St.3d 112,114, 1996-Ohio-170, 661 N.E.2d 1000, 1001-1002. "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." State v. Stambaugh (1987),34 Ohio St.3d 34, 38, 517 N.E.2d 526, 530 (Douglas, J., concurring in part and dissenting in part), citing Burger Brewing Co. v. Liquor ControlComm. (1973), 34 Ohio St.2d 93, 97-98, 296 N.E.2d 261, 264-265. The court is required to raise justiciability sua sponte. See Stewart v. Stewart
(1999), 134 Ohio App.3d 556, 558, 731 N.E.2d 743, citing Neiderhiser v.Borough of Berwick (C.A. 3, 1988), 840 F.2d 213, 216.
 {¶ 9} To determine whether an issue is ripe for judicial review, the court must weigh: (1) the likelihood that the alleged future harm will ever occur; (2) the likelihood that delayed review will cause hardship to the parties; and (3) whether the factual record is sufficiently developed to provide fair adjudication. Ohio ForestryAssn., Inc. v. Sierra Club (1988), 523 U.S. 726, 731-733,118 S.Ct. 1665, 1669-1770, 140 L.Ed.2d 921, 928. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." Texas v. United States (1998), 523 U.S. 296, 300,118 S.Ct. 1257, 1259, 140 L.Ed.2d 406, 410.
 {¶ 10} The evidence in the trial record establishes that, at the time of the preliminary injunction hearing, Safety 4th had not applied to the State Fire Marshal for a transfer of its license to Washington County.[4] At the hearing, the only evidence Eagle Fireworks offered to establish Safety 4th's intent to relocate to Washington County was testimony that Safety 4th may have made initial inquiries into the profitability of the local fireworks market.
 {¶ 11} The agreed entry in the Jefferson County case mandates that Safety 4th comply with numerous requirements before a transfer of its license to any county can occur. These requirements include: providing the State Fire Marshal with a site location for each proposed new location, as well as construction and site plans; passing a final inspection conducted by the State Fire Marshal; obtaining the appropriate occupancy certificates from the local building officials; obtaining documentation outlining compliance with all applicable zoning and/or other local regulations; complying with all public health and safety laws and regulations; and complying with certain setback requirements. There is no evidence in the record, nor has Eagle Fireworks referred to any evidence, that demonstrates that Safety 4th has taken any of these necessary steps towards transferring its license to Washington County. Further, there is no evidence that Safety 4th has purchased or leased land in Washington County upon which to locate its business.
 {¶ 12} After weighing the relevant factors delineated in OhioForestry Assn., supra, we conclude that the trial court lacked jurisdiction to decide this case as the issues before it were not ripe for judicial review. Given that Safety 4th had not made any application to the State Fire Marshal for approval of a license transfer or taken any substantial steps toward obtaining such approval, the likelihood that Eagle Fireworks would suffer any future harm was minimal. Further, Eagle Fireworks cannot demonstrate that it will suffer any harm if review is delayed until Safety 4th makes an actual attempt or takes steps toward the transference of its fireworks license. Lastly, the factual record has been only partially developed. While a hearing as to the request for a preliminary injunction was held by the court, Safety 4th was not a party to the case at that time and, therefore, introduced no evidence. Further, the record contains no information as to where Safety 4th
would be located or any of the particulars surrounding its relocation.
 {¶ 13} We conclude that because Eagle Fireworks' complaint rested entirely upon future events which may not even occur, its claim is not ripe and the trial court lacked jurisdiction to consider the matter. Therefore, the trial court should have dismissed Eagle Fireworks' complaint on this basis. We reverse the judgment of the trial court and remand this matter for further action consistent with this opinion.
Judgment Reversed and Cause Remanded.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Eagle Fireworks dismissed the Ohio Attorney General as a party.
[2] Safety 4th has not entered an appearance in this matter on appeal.
[3] Apparently, on September 5, 2003, after the filing of Eagle Fireworks' original brief in this matter, the Jefferson County Court of Common Pleas temporarily restrained the State Fire Marshal from revealing any information regarding: (1) whether Safety 4th has filed a request to transfer its license; and (2) if Safety 4th has requested such a transference, the location of the proposed new site. The case was later transferred to the Licking County Court of Common Pleas but the temporary restraining order remains in effect. The State Fire Marshal filed dispositive motions in that court which, if granted, would allow him to release the information. The State Fire Marshal contends that such information is a public record and, therefore, subject to release upon request.
[4] Because we are determining the trial court's jurisdiction, we consider the facts before that court. Therefore, we need not address the Fire Marshal's claim that it is precluded from divulging whether Safety 4th recently filed an application to transfer its license.