OPINION
{¶ 1} Plaintiffs-appellants Stephen Labate, Rebecca Labate, Labate Chrysler, Jeep, Dodge, Inc. and Labate Real Estate, Ltd. (collectively referred to as the Labates) appeal the decision of the Columbiana County Common Pleas Court dismissing their complaint against defendant-appellee Fifth Third Bank. Two issues are presented in this appeal. The first issue is whether the trial court had jurisdiction to rule on Fifth Third's Motion to Dismiss the compliant for failure to state a claim upon which relief could be granted (Civ.R. 12(b)(6)). The second issue is whether the trial court erred when it granted the motion to dismiss. For the reasons expressed below, the judgment of the trial court is hereby reversed and the cause is remanded for further proceedings.
 JOINT STATEMENT OF CASE AND FACTS {¶ 2} In the winter of 2003, the Labates went to Jim Ross, II from Fifth Third Bank (they had a previous working relationship since 2001) and discussed obtaining three loans for the total amount of $1,640,800. The loans were to be used to purchase and operate a new and used car dealership in East Palestine, Ohio. The first loan was to be a $350,000 loan for working capital. The second loan was to be a $640,800 for the purchase of two parcels of real property. The third loan was to be a $650,000 line of credit for the ongoing purchase of used car inventory.
 {¶ 3} After allegedly assuring the Labates that all three loans would be granted, Jim Ross, II informed the Labates that instead of receiving three loans for a total of $1,640,800, they would be given four loans for a total of $940,800. Though allegedly upset about this information, the Labates still executed the loan documents (allegedly because of an impending close of a transaction with Daimler Chrysler, i.e. the purchase of a new car dealership). The loans executed are as follows: 1) a $300,000 loan for working capital to buy the new car dealership; 2) a loan for $232,400; 3) a loan for $232,400; and 4) a loan for $176,000. The last three loans equal the $640,800 that the Labates needed to purchase two parcels of real property. Fifth Third did not extend the requested $650,000 line of credit to the Labates. The loan documents were executed by Fifth Third and the Labates in August 2004, on the same day the Labates were informed of the difference between the loans requested and the loans they were receiving.
 {¶ 4} The day after the promissory note on the first loan, the $300,000 working capital loan, was executed, but before the last three loans were funded, the Labates withdrew the total loan amount. According to the Labates, they were informed by Ross that the funds were available for immediate use. However, pursuant to the loan document, this $300,000 was a cash collateral pledge to Fifth Third as collateral on all the loans. The loan document specifically states that, "Debtor shall not spend withdraw, reduce, pledge, transfer, assign or otherwise dispose of the Assigned Amount." Thus, this action of removing the $300,000 from the bank account constituted a default on the loan.
 {¶ 5} Fifth Third then asked the Labates to cure their breach by depositing the money back into the account. The Labates were unable to do so because the money had been used to procure the new car dealership.
 {¶ 6} Accordingly, Fifth Third declined to fund the last three loans since they were no longer secured by the $300,000 as cash collateral. Due to the Labates' default by removing the $300,000 from the account, Fifth Third, by the terms of the loan agreement, called the loan due and payable. Fifth Third obtained a cognovit judgment against the Labates in another county.
 {¶ 7} On June 21, 2005, the Labates filed the instant lawsuit alleging the loan agreement was unenforceable due to: 1) fraud in the inducement claiming that the loan agreement with collateral security was slipped into the documents they were signing and they did not know about it; 2) promissory estoppel; 3) breach of implied duty of good faith; 4) intentional and malicious conduct, and; 5) breach of contract. The Labates also sought a Temporary Restraining Order and Preliminary Injunction to prohibit Fifth Third from enforcing the cognovit judgment.
 {¶ 8} The TRO was granted pending a hearing on the preliminary injunction. Following the hearing on July 15, 2005, the trial court denied the preliminary injunction. On July 19, 2005, the Labates appealed the denial of the preliminary injunction to this court (case number 05CO41). That same day, Fifth Third moved to dismiss the complaint pursuant to Civ.R. 12(b)(6).
 {¶ 9} On August 26, 2005, the Labates, in case number 05CO41, moved to voluntarily dismiss their appeal and remand the cause back to the trial court for further proceedings. On September 2, 2005, prior to this court granting the voluntary dismissal, the trial court, aware of the appeal being filed, granted Fifth Third's motion to dismiss.
 {¶ 10} On September 12, 2005, we voluntarily dismissed case number 05CO41. That same day, the Labates filed a motion with this court to withdraw their motion for voluntary dismissal of case number 05CO41 and additionally filed an appeal from the granting of the motion to dismiss (case number 05CO57). On November 3, 2005, we overruled the Labates' motion to withdraw their motion for voluntary dismissal in case number 05CO41. We stated that the Labates preserved their right to appeal the dismissal of the complaint and that it would not serve judicial economy to reinstate 05CO41 and consolidate it with 05CO57. Thus, the current appeal before this court is 05CO57, the appeal from the dismissal of the complaint. Two assignments of error are raised in this appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 11} "THE TRIAL COURT ERRED WHEN IT DISMISSED THE COMPLAINT WITHOUT JURISDICTION."
 {¶ 12} The general rule is that a trial court loses jurisdiction to take action in a case after an appeal has been filed. State ex rel. Special Prosecutors v. Judges, Court ofCommon Pleas (1978), 55 Ohio St.2d 94, 97. However, an exception exists to this general rule. Id. A trial court still retains jurisdiction "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction." Id.
 {¶ 13} The Labates argue that the trial court lacked jurisdiction to rule on the motion to dismiss because case number 05CO41 was still pending with this court at the time the trial court ruled on the motion to dismiss. The Labates contend that the general rule, not the exception is applicable. Fifth Third, on the other hand, contends that the motion to dismiss, in this case, falls under the exception to the general rule. And, as such, in its opinion, the trial court retained jurisdiction to rule on the motion.
 {¶ 14} As aforementioned, the appeal in case number 05CO41 dealt with the issue of whether the trial court erred when it denied the preliminary injunction. The motion before the trial court at the time of that appeal was a motion to dismiss for failure to state a claim upon which relief could be granted, i.e. Civ.R. 12(b)(6). Thus, in order for the trial court to retain jurisdiction, ruling on the motion to dismiss could not conflict with our appellate review of the denial of the preliminary injunction ruling.
 {¶ 15} After considering all arguments, we find that ruling on the Civ.R. 12(b)(6) motion to dismiss does conflict and is inconsistent with our appellate review of the preliminary injunction. For instance, if appellate review determined that the trial court erred in denying the preliminary injunction and, thus, in conformity with that opinion reversed and remanded the cause for further proceedings, the trial court's dismissal of the entire case interferes with that appellate review. The appellate court would be reversing and remanding a case that is no longer in existence.
 {¶ 16} Furthermore, the motion to dismiss and the motion for preliminary injunction involve some of the same issues. One of the factors in a preliminary injunction is "likelihood of success on the merits." Corbett v. Ohio Bldg. Auth. (1993),86 Ohio App.3d 44, 49. While it is acknowledged that a decision on a preliminary injunction is a balancing test and that the above factor is only one of four to consider, appellate review might have determined that the factor existed and that the preliminary injunction should have been granted. Thus, the grant of the motion to dismiss would be inconsistent with a finding that there was a likelihood of success on the merits.
 {¶ 17} Accordingly, we find that the trial court lacked jurisdiction to rule on the motion to dismiss because of the pendency of case number 05CO41. Its decision is void and must be reversed.
 {¶ 18} Having said that, we do acknowledge that as a practical matter our reversing this case will probably not alter the trial court's determination on the motion to dismiss. However, we cannot, as Fifth Third suggests, render the trial court's premature decision on the motion to dismiss harmless or non-reversible and as such address the merits of this appeal. A lack of jurisdiction deprives a court from acting. State ex rel.Jones v. Suster, 84 Ohio St.3d 70, 75, 1998-Ohio-275. See, also,Patton v. Diemer (1988), 35 Ohio St.3d 68 (stating if a court acts without jurisdiction, then any proclamation by that court is void). Even if we assume for the sake of argument that the court acted correctly, that decision does not in turn give it the power to act. Thus, we will not address the merits of this appeal. "[W]hen an appellate court determines that the trial court was without jurisdiction, it is not proper for the reviewing court to decide the merits of the case." Eagle Fireworks, Inc. v. OhioDept. of Commerce, 4th Dist. No. 03CA28, 2004-Ohio-509, ¶ 7. This assignment of error has merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 19} "THE TRIAL COURT ERRED WHEN IT CONSIDERED SOURCES OUTSIDE THE COMPLAINT AND FAILED TO CONSTRUE ALL FACTUAL ALLEGATIONS IN FAVOR OF THE LABATES WHEN RULING ON THE MOTION TO DISMISS."
 {¶ 20} Due to our disposition of the first assignment of error, this assignment of error is moot. As explained above, the merits of this appeal will not be addressed.
 {¶ 21} For the foregoing reasons, the trial court lacked jurisdiction to rule on the motion to dismiss. The fact that case number 05CO41 was still pending with this court divested the trial court of jurisdiction to rule on the motion to dismiss. As such, the judgment of the trial court granting the motion to dismiss is void. This case is reversed and remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.