[Cite as *State v. Wilson*, 2014-Ohio-942.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 MA 10 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| SHAWN WILSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 12 CR 919.

JUDGMENT:                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul J. Gains
                                 Prosecuting Attorney
                                 Attorney Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, OH  44503

For Defendant-Appellant:         Attorney John Dixon
                                 Huntington Bank Building
                                 26 Market Street
                                 Youngstown, OH  44503

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                                 Dated:  March 10, 2014

DeGenaro, P.J.

{¶1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Shawn Wilson, appeals the judgment entry of the Mahoning County Court of Common Pleas sentencing him in accordance with the plea agreement he entered into. Wilson contends that his plea was not knowingly, voluntarily or intelligently made because of the ineffective assistance of his trial counsel. Since Wilson's assigned errors are meritless, the trial court's decision is affirmed.

## Relevant Facts and Procedural History

{¶2} On August 30, 2012, the Mahoning County Grand Jury returned an indictment against Wilson charging him with two counts of Aggravated Murder, both with firearm and capital offense specifications; two counts of Improper Discharge of a Firearm at or into a Habitation, both with firearm specifications; Felonious Assault, with a firearm specification; Murder, with a firearm specification and Tampering with Evidence. The charges arose out of multiple shots being fired into apartments located in Youngstown, Ohio on August 20, 2012, resulting in the death of B.L. and injury to J.H., both minor children.

{¶3} On January 7, 2013, the State of Ohio and Wilson entered into a Crim.R. 11 plea agreement. Wilson pled guilty to one count of Aggravated Murder, both counts of Improper Discharge of a Firearm at or into a Habitation, Felonious Assault, and Tampering with Evidence, all with accompanying firearm specifications except the latter offense. In return, the State agreed to dismiss one count of Aggravated Murder, the Murder charge, and both capital offense specifications. The State and defense jointly recommended an agreed upon sentence of life imprisonment without the possibility of parole on the Aggravated Murder count and the maximum allowable sentence on each of the other counts to be served concurrently.

{¶4} Pursuant to the request of the State and Wilson, the trial court immediately proceeded to a sentencing hearing and adopted the agreed upon recommended sentence, but ordered Wilson to serve five years on the firearm specification attached to the Aggravated Murder charge, to be served consecutively and prior to the life sentence.

For purposes of sentencing, the trial court merged the remaining firearm specifications and imposed no sentence.

## Ineffective Assistance of Counsel

{¶5} In his sole assignment of error, Wilson asserts:

{¶6} "Appellant's plea was not knowingly, intelligently, or voluntarily made due to ineffective assistance of counsel."

{¶7} Addressing a preliminary procedural issue, appellate counsel for Wilson attached to his brief three documents that were not part of the record at the trial level; thus we cannot consider them on appeal. "[I]t is axiomatic that a court of appeals is a court of review and that we will not and may not consider any evidence not properly before the lower court." *Tinlin v. White*, 7th Dist. No.680, 1999 WL 1029523 (Nov. 5, 1999).

{¶8} The "entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." *State v. Fatula*, 7th Dist. No. 07 BE 24, 2008-Ohio-1544 at ¶9, quoting *State v. Kidd*, 2d Dist. No. 03CA43, 2004-Ohio-6784, 2004 WL 2903886, at ¶16.

{¶9} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test; first, that counsel's performance has fallen below an objective standard of reasonable representation, and second, that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Id*. at paragraph three of the syllabus.

{¶10} Wilson contends that his trial attorneys were ineffective in that they were aware of his mental health history, yet "pressured" him to plead guilty to charges with an agreed upon life sentence. Specifically, Wilson faults his attorneys for failing to ask for a continuance so he could comprehend "what he was going to do" (i.e. enter a guilty plea).

However, there is no evidence that Wilson's attorneys forced him to enter the guilty plea, nor that his plea was less than knowing, voluntary, and intelligent.

**{¶11}** In a criminal case, a plea must be made knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Failure on any of these points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.* A determination whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992) citing *State v. Kelley*, 57 Ohio St.3d 127, 129, 566 N.E.2d 658 (1991).

**{¶12}** Crim.R. 11(C) sets forth specific procedural requirements that a trial judge follows when accepting a guilty plea from a defendant to ensure that pleas are made in a knowing, intelligent and voluntary manner:

"(C) Pleas of guilty and no contest in felony cases.

"(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶13} "Subsection (2)(c) sets forth various constitutional rights that the trial court must discuss with the defendant prior to accepting a plea." *State v. Owens,* 181 Ohio App.3d 725, 2009-Ohio-1508, 910 N.E.2d 1059 at ¶52 (7th Dist.) By entering a plea the defendant is waiving these rights which must be explained by the court. *Id.* "A trial court must strictly comply with the provisions of Crim.R. 11(C) which relate to the waiver of constitutional rights." *State v. Green*, 7th Dist. No. 02 CA 217, 2004-Ohio-6371 citing *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus.

{¶14} Subsections (2)(a) and (b) set forth various non-constitutional rights that the trial court must also discuss with the defendant prior to accepting his plea. *See State v. Root*, 7th Dist. No. 07MA32, 2007-Ohio-7202, ¶14. With respect to these nonconstitutional rights, only substantial compliance with Crim.R. 11(C) is required. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶15} Wilson was represented by two attorneys during the plea hearing. The trial court explained to Wilson that by pleading guilty he would relinquish his constitutional rights to a jury trial, to have the State prove his guilt beyond a reasonable doubt, to confront adverse witnesses, and to compel the attendance of witnesses he might wish to present in his favor. The trial court also explained to Wilson that he could not be compelled to testify against himself, to which he indicated his complete understanding.

**{¶16}** The trial court further explained to Wilson his non-constitutional rights. The court informed Wilson of the nature of the charges against him and the maximum penalties involved. In addition, the trial court informed Wilson that upon acceptance of his plea the court could proceed to judgment and sentencing. Further, the court specifically stated that the offenses were non-probational. The court did not discuss post-release control because of the sentence being life imprisonment without parole. This was done after communication with the lawyers and per their agreement.

**{¶17}** Wilson indicated that he understood the rights he would be waiving by pleading guilty and that he wished to go forward with the plea. Wilson specifically acknowledged that his plea was being made freely and voluntarily, and further, that he was satisfied with the legal representation he received. Thus, all of the Crim.R. 11 requirements were satisfied, and Wilson's plea was knowing, voluntary, and intelligent.

**{¶18}** Nonetheless, Wilson argues that his plea was not made knowingly and intelligently due to his counsel being ineffective for not securing adequate time to consider the Rule 11 agreement. He argues that the recorded transcripts demonstrate that he was pressured to accept the Rule 11 agreement and that he was under the influence of prescription drugs and afflicted with mental illness. However, there is no support in the record for these allegations. Wilson indicated during the plea hearing that he was not threatened or promised anything in exchange for his guilty plea.

**{¶19}** Further, the court directly inquired of Wilson about whether he was under the influence of drugs or alcohol. Wilson replied that he was taking nothing other than what he was prescribed. The court asked, "But because of those prescriptions, you're still able to understand me all right?" Wilson responded, "not really, but yes, I understand." Again the court further clarified as to whether the drugs affected his ability to understand. Wilson acknowledged that they did not and that he understood the judge.

**{¶20}** Regarding Wilson's competency argument, the court previously ordered a competency evaluation by Dr. Nalluri. The State and defense stipulated to admission of this report which found Wilson competent to stand trial.

**{¶21}** Counsel's effectiveness is "not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by counsel." *State v. Wilkins*, 64 Ohio St.2d 382, 390, 415 N.E.2d 303 (1980). The reasonableness of the attorney's decisions must be assessed at the time the decisions are made, and not at the time of a reviewing court's assessment. *Id.*

**{¶22}** "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." *State v. McQueen*, 7th Dist. No. 08 MA 24, 2008-Ohio-6589, ¶18 citing *State v. Madeline*, 11th Dist. No.2000-T-0156, 2002-Ohio-1332.

**{¶23}** Because an allegation of a coerced plea involves actions over which the state has no control, "[a] claim that a guilty or no contest plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made." (Internal quotations omitted). *State v. Lett*, 7th Dist. No. 08-MA-84, 2010-Ohio-4188, ¶33. "A defendant's own self-serving declarations or affidavits are insufficient to rebut a record that demonstrates that the plea was voluntary." *Id.*

**{¶24}** The record is devoid of any evidence, excepting Wilson's self-serving affidavit, supporting his claim that his guilty plea was induced by his attorneys. Wilson's allegation that counsel should have secured a continuance for him to consider the Rule 11 agreement demonstrates no prejudice. In fact, it is a likely possibility that Wilson would have entered into the same Rule 11 agreement had a continuance actually been obtained. His attorneys negotiated a plea agreement in which a charge of murder, aggravated murder, two accompanying gun specifications, and two capital offense specifications were dismissed. Further, the prosecutor agreed to recommend running the sentences on several other counts concurrent to the life sentence on the one count of Aggravated Murder to which Wilson did plead.

**{¶25}** Wilson's mere allegations of feeling pressure are insufficient to prove that his plea was not voluntarily entered. Wilson has not identified any evidence in the record to support this contention. Moreover, as discussed above, Wilson was fully apprised of his rights and the potential penalties at the plea hearing. Finally, Wilson has failed to assert or prove that his trial counsel was deficient and that he was prejudiced by their behavior.

**{¶26}** In sum, Wilson did enter into his plea in a knowing, voluntary and intelligent manner. Wilson fails to direct this court's attention to how his attorneys' performance was deficient and that he suffered any prejudice. As such, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.