[Cite as *State v. Wilson*, 2015-Ohio-4808.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 MA 138 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SHAWN WILSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 12 CR 919 |
| JUDGMENT: | Affirmed. |
| APPEARANCES: | |
| For Plaintiff-Appellee: | Atty. Paul J. Gains Mahoning County Prosecutor Atty. Ralph M. Rivera Assistant Prosecuting Attorney 21 West Boardman Street, 6th Floor Youngstown, Ohio  44503 |
| For Defendant-Appellant: | Shawn Wilson, Pro se Inmate No. 640-014 Trumbull Correctional Institution P.O. Box 901 Leavittsburg, Ohio  44430 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  November 17, 2015

WAITE, J.

{¶1} Appellant Shawn Wilson has appealed the Mahoning County Common Pleas Court judgment entry of September 3, 2014 denying his Crim.R. 32.1 motion to withdraw his plea. Appellant argues that his uncontrolled mental illness prevented him from entering a knowing, intelligent, and voluntary plea. He further contends that he is entitled to a new competency evaluation because the doctor who performed his earlier evaluation later pleaded guilty to fraud in an unrelated worker's compensation matter.

{¶2} The state responds that this Court has already ruled in the underlying appeal that Appellant entered his plea knowingly, intelligently, and voluntarily. *State v. Wilson,* 7th Dist. No. 13 MA 10, 2014-Ohio-942 (*"Wilson I"*). As Appellant has already raised this issue on appeal following his plea, and as Appellant raises no new evidence since we decided *Wilson I*, the state contends that our prior ruling should stand. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶3} Appellant pleaded guilty to a number of charges: one count of aggravated murder, in violation of R.C. 2903.01(C)(F); two counts of improperly discharging firearm at or into habitation, in violation of R.C. 2923.161(A)(1)(C); one count of felonious assault, in violation of R.C. 2903.11(A)(2)(D); and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B). Appellant also pleaded guilty in regard to the firearm specifications attached to the aggravated murder and improper discharge counts. In exchange for Appellant's plea, the state

dismissed one count of aggravated murder, one count of murder, and the capital specification attached to the aggravated murder count.

**{¶4}** Appellant was sentenced to life in prison without parole on the aggravated murder count. He was also sentenced to eight years per improper discharge count, eight years on the felonious assault count, thirty-six months on tampering with evidence, and five years on the firearm specifications. His sentences were ordered to run concurrently.

**{¶5}** Before entering the plea agreement, Appellant's attorney requested a competency examination be performed on his client. Counsel specifically requested that Dr. Anil C. Nalluri perform the evaluation. The state stipulated to both requests. Dr. Nalluri examined Appellant and found him competent to stand trial. Shortly thereafter, Dr. Nalluri was charged with fraud on an unrelated worker's compensation matter.

**{¶6}** Appellant filed a timely appeal after sentencing. In *Wilson I*, Appellant challenged his plea on the grounds of ineffective assistance of counsel. Appellant argued that his attorneys pressured him into accepting the state's plea offer and that his mental state and related medications affected his ability to understand the process so that the plea was not entered knowingly, on his part. He also raised issues regarding his competency evaluation. Based on the record, we found that Appellant entered his plea knowingly, intelligently, and voluntarily, and overruled his arguments. *Wilson, supra,* at ¶5-6.

{¶7} After filing his direct appeal, Appellant filed two Crim.R. 32.1 motions to withdraw his plea. The first motion was filed during the pendency of his appeal. The second motion was filed shortly after our Opinion in *Wilson I* was released. The trial court denied both motions based on lack of jurisdiction. Appellant did not appeal the trial court's denial of his first motion, but now appeals the denial of his second motion.

## Exhibits

{¶8} As a preliminary matter, Appellant has attached numerous exhibits to his brief. Most of these exhibits are not part of the trial court record. Thus, we cannot consider them. "[I]t is axiomatic that a court of appeals is a court of review and that we will not and may not consider any evidence not properly before the lower court." *Tinlin v. White,* 7th Dist. No. 680, 1999 WL 1029523 (Nov. 5, 1999).

## First and Second Assignments of Error

TRIAL COURT WAS IN ABUSE OF THEIR [SIC] DISCRETION RULING THAT THEY ARE WITHOUT JURISDICTION TO RULE ON THE DEFENDANTS [SIC] MOTION TO WITHDRAW HIS GUILTY PLEA PRO, SE.

TRIAL COURT ERRED RULING THE MOTION WAS FILED IN A [SIC] UNTIMELY MANNER BEFORE THE COURT OF COMMON PLEAS.

{¶9} Appellant argues that the trial court erred in dismissing his Crim.R. 32.1 motion based on lack of jurisdiction. Additionally, Appellant argues that the trial court erred in finding his motion untimely. As to the issue of jurisdiction, Appellant contends that his attorney advised him that once a decision was released in *Wilson I,*

he could file a second Crim.R. 32.1 motion. As to timeliness, Appellant argues that he was also advised that there were no time limits within which to file a Crim.R. 32.1 motion. Appellant urges that his uncontrolled mental illness limited his ability to assist in the preparation of the motion, making any delay inherently reasonable. The state does not respond to Appellant's arguments, but it is clear that Appellant is confused as to the reasons for denial of his motion.

**{¶10}** Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶11}** Generally, once an appeal is filed, a trial court loses jurisdiction to take action in a case. *Labate Chrysler, Jeep, Dodge, Inc. v. Fifth Third Bank,* 7th Dist. No. 05CO57, 2006-Ohio-3480, ¶12, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). However, there is an exception to this rule. Despite a pending appeal, a trial court retains jurisdiction over matters "not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgement, such as the collateral issues like contempt, appointment of a receiver and injunction." *Labate* at ¶12.

**{¶12}** Turning to this case, in order for the trial court to properly rule on Appellant's Crim.R. 32.1 motion, the court would first have to determine that any such decision presented no potential conflict with our decision in his direct appeal. Appellant's issue on direct appeal involved whether his plea was knowingly,

voluntarily, and intelligently entered based on various claims of ineffective assistance of counsel. As the issues in his Crim.R. 32.1 motion were substantially similar to the issues presented in his direct appeal, the trial court correctly determined that it lacked jurisdiction to hear his first motion to withdraw. Appellant did not appeal that decision. But Appellant seems to labor under the belief that his second such motion, filed after we decided his direct appeal, was denied by the trial court, at least in part, because it was untimely. However, it is clear that Appellant's motion was denied because the issue it raised had already been decided by us in the underlying appeal. Since the issue resolved on appeal in *Wilson I* involved the voluntary nature of Appellant's plea, the very matter raised in both of Appellant's motions to withdraw, the matter became *res judicata* once our decision on direct appeal was filed. The trial court correctly dismissed Appellant's motion for this reason. Accordingly, Appellant's first and second assignments of error are without merit and are overruled.

<u>Third Assignment of Error</u>

THE TRIAL COURT ABUSED THEIR [SIC] DISCRETION IN RULING THAT THE PROCEDURE OF THIS APPLICATION 32.1 MOTION TO WITHDRAW GUILTY PLEA WAS AN IMPROPER MOTION.

**{¶13}** Appellant contends that the medication he was taking at the time he entered his plea affected his ability to understand the process. Appellant claims he suffered from auditory hallucinations and had been prescribed the psychotic drug "Haldol." Appellant says that at the pre-trial hearing, he told the court that he did not know what was happening. Despite this, the trial court forced him to sign the plea

agreement form indicating that he was not under the influence of any drugs. Appellant also alleges that the trial court threatened him with the death penalty and pressured him into accepting the state's offer. Additionally, he alleges that Dr. Nalluri, who later pleaded guilty to fraud in a worker's compensation case, agreed to testify that Appellant was competent to stand trial so that Nalluri would receive a lighter sentence in his fraud case. Because of the claimed cumulative effect of these issues, Appellant argues that he was denied due process and is entitled to a new competency evaluation.

{¶14} The state focuses its argument on the lack of manifest injustice shown by Appellant. The state notes that a trial court does not have to provide an evidentiary hearing unless the defendant can show a manifest injustice. In this case, the record clearly demonstrates that Appellant knowingly, intelligently, and voluntarily entered his plea. The state highlights that the trial court informed Appellant of his constitutional and nonconstitutional rights. The record reflects the trial court specifically asked Appellant whether he was under the influence of drugs. While Appellant responded that he had been taking prescription medication, Appellant acknowledged that the medication did not affect his ability to understand the proceedings. The state emphasizes that Appellant was represented by two attorneys during the proceedings and there is no evidence that either of them pressured him into taking the deal.

{¶15} Again, Appellant's motion was clearly barred by the doctrine of *res judicata*. We have previously held that *res judicata* bars a criminal defendant from

raising "any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." *State v. Reed,* 7th Dist. No. 04 MA 236, 2005-Ohio-2925, ¶11, citing *State v. Wright,* 7th Dist. No. 01 CA 80, 2002-Ohio-6096, ¶37.

**{¶16}** The voluntary nature of Appellant's plea agreement was fully addressed in *Wilson I.* In *Wilson I,* we held that Appellant knowingly, intelligently, and voluntarily entered into his plea. *Id.* at ¶26. We specifically noted that the trial court informed Appellant of his constitutional and nonconstitutional rights during the colloquy. *Id.* at ¶15-16.

**{¶17}** The trial court asked Appellant whether he was under the influence of drugs or alcohol. *Id.* at ¶19. In response, Appellant stated that he was taking only the medication that he had been prescribed. *Id.* When the trial court further inquired about this medication and whether it affected his ability to understand, Appellant initially replied "not really, but yes, I understand." *Id.* The trial court continued to question Appellant regarding the medication's effect on his ability to understand the proceedings and Appellant repeatedly confirmed that his medication did not affect his ability to understand. *Id.*

**{¶18}** We also stated in *Wilson I* that the record is devoid of any evidence suggesting that Appellant's attorneys or the judge pressured him into taking the plea. *Id.* at ¶24. Appellant continues to raise the identical arguments in this appeal and attempts to rely on the same self-serving affidavit as in his previous appeal. While we must again state that this Court is unable to review any documents not found in

the trial court's record, it is immediately apparent that Appellant has already had a full and fair hearing on these same issues and is completely barred by the doctrine of *res judicata* from raising them a second time.

**{¶19}** This same principle bars Appellant from again raising the argument that he is entitled to a new competency hearing due to Dr. Nalluri's guilty plea in a completely unrelated matter. Appellant advanced this argument on direct appeal. We have already determined that, among other things, since Appellant's counsel specifically requested that Dr. Nalluri conduct the competency examination, this argument fails. (11/7/12 Hearing, p. 5.)

**{¶20}** As Appellant has previously raised the issue of whether his plea was knowingly, voluntarily, and intelligently entered, he is barred from reasserting this argument. Similarly, he is barred from reasserting any argument regarding his competency hearing. Accordingly, Appellant's third assignment of error is without merit and is overruled.

### Conclusion

**{¶21}** As Appellant's Crim.R. 32.1 motion raised virtually the identical arguments he advanced in his direct appeal, the trial court properly determined that it lacked jurisdiction to hear his motion to withdraw his plea. The matter is barred by the doctrine of *res judicata.* The judgment of the trial court is affirmed in full.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.