[Cite as *State v. Wilson*, 2016-Ohio-477.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 MA 138 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| SHAWN WILSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Appellant's Motion for Reconsideration.

JUDGMENT:  Denied.

APPEARANCES:

For Plaintiff-Appellee:  Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:  Shawn Wilson, *Pro se*
Inmate No. 640-014
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  February 4, 2016

WAITE, J.

**{¶1}** This is Appellant Shawn Wilson's third appeal in this matter. In it, he seeks reconsideration of our decision to affirm the trial court's denial of his second request to withdraw a guilty plea. For the following reasons, we deny Appellant's reconsideration request and again affirm the trial court.

**{¶2}** On January 7, 2013, Appellant pleaded guilty to a number of charges, including aggravated murder, felonious assault, improperly discharging a firearm into a habitation and tampering with evidence. In exchange for his guilty plea, several other charges were dismissed, including a murder charge that had a capital specification attached. As agreed by the parties, he was sentenced to life in prison plus an additional thirteen years, to be served concurrently. Before his plea was entered and accepted, Appellant underwent a competency evaluation with a physician he requested. He was found competent.

**{¶3}** Appellant appealed on the basis that he did not enter a knowing, intelligent and voluntary plea. We affirmed the trial court on direct appeal in *State v. Wilson*, 7th Dist. No. 13 MA 10, 2014-Ohio-942 ("*Wilson I*"). We specifically dealt with and ruled on Appellant's claims of ineffective assistance of counsel, particularly as to the competency evaluation and Appellant's claims that his mental state and medications rendered him unable to enter a plea knowingly.

**{¶4}** During the pendency of his direct appeal in *Wilson I*, Appellant filed a request to withdraw his plea with the trial court which was denied. Appellant did not appeal this denial.

**{¶5}** Subsequent to our *Wilson I* ruling, Appellant filed another request to withdraw his plea with the trial court. The request was again denied, but this time Appellant filed an appeal of the denial which was heard and decided in *State v. Wilson,* 7th Dist. No. 14 MA 138, 2015-Ohio-4808 (*Wilson II*).

**{¶6}** In *Wilson II*, this Court revisited certain claims from Appellant's direct appeal. That is, Appellant sought to withdraw his plea raising the issue that his competency evaluation was flawed because of later, completely unrelated, bad conduct of his requested doctor, and because the medications he was taking for his mental problems coupled with the underlying mental disturbances themselves rendered his plea invalid. Because Appellant's claims and the evidence on which he relied to support these claims were virtually undistinguishable in his postconviction request to those claims and evidence addressed on direct appeal, we held that the trial court correctly decided Appellant's repetitive claims were barred as *res judicata.*

**{¶7}** Now Appellant asks us to reconsider our determination in *Wilson II*. Appellant's request is denied for several reasons. First, Appellant is time-barred in his reconsideration request.

**{¶8}** App.R. 26(A)(1)(a) states, in relevant part:

Application for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A).

**{¶9}** As noted on the docket, our decision in *Wilson II* was entered on the docket and mailed to Appellant on November 17, 2015. In order for any reconsideration request to be timely, Appellant was required to file no later than November 27, 2015. However, Appellant failed to file until December 2, 2015, five days after his deadline has passed.

**{¶10}** Pursuant to App.R. 14(B), an "[e]nlargement of time to file an application for reconsideration or for en banc consideration pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances."

**{¶11}** Appellant never alleges or argues "extraordinary circumstances." Instead, he attempts to excuse his late filing by providing a copy of a mail log from Trumbull Correctional Institution, where he is currently incarcerated, indicating that he may not have received our judgment until November 23, 2015, four days before the timely application deadline. He claims without explanation that four days was not enough time to allow him to properly draft and file a motion. Second, he claims that the Thanksgiving holiday (November 26, 2015) further impeded his ability to file a timely motion. These do not, without more, rise to the level necessary by rule. Regardless, even if we would accept Appellant's tardy application as timely, Appellant's arguments fail on the merits.

**{¶12}** Appellant recognizes that issues that have or should have been raised on direct appeal are barred by *res judicata.* However, Appellant argues that a defendant can overcome this bar by demonstrating that the issue could not have been determined without considering evidence *dehors* the record. While Appellant's

interpretation of the law is correct, his application of that law to the facts of his case is fatally flawed.

{¶13} Appellant cites to several cases where, as he interprets these cases, simple introduction of evidence *de hors* (outside of) the record requires new review of a matter that would otherwise be barred by the principles of *res judicata*. In particular, Appellant cites to *State v. Schlee,* 11th Dist. No. 97-L-121, 1998 WL 964291, (Dec. 31, 1998) and *State v. Robinson,* 9th Dist. No. 27641, 2015-Ohio-4262. But Appellant misinterprets both the facts and the resultant law of these cases.

{¶14} In *Schlee*, the Eleventh District Court of Appeals did hold that the defendant's postconviction filing raising for a second time the issue of ineffective assistance should not have been dismissed by the trial court on the basis of *res judicata*. This was entirely due to the fact that the defendant attached to his postconviction filing, for the first time, evidence outside of the trial court record that was crucial to the issue of ineffective assistance. Since it was not contained in the trial court record, it could not have played a part in the review of the issue on direct appeal. Importantly, the Court stated:

> It follows that even if the issue of ineffective assistance of counsel is raised on direct appeal, that issue will not be barred by *res judicata* in a postconviction relief proceeding if the issue could not have been determined without resort to evidence *dehors* the record. *State v. Smith* (1985), 17 Ohio St.3d 98, 101 fn, 1, 477 N.E.2d 1128. However, in *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C-900811, unreported, at 21, 1993 Ohio App. LEXIS 1485, the court explained that

the evidence outside the record "must meet some threshold standard of cogency." This court adopted this analysis by observing:

"The evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits 'evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *State v. Sopjack* (Aug. 22, 1997), Geauga App. No. 96-G-2004, unreported, at 8, quoting *Coleman*, *supra*, at 21.

**{¶15}** Reviewing the defendant's attachments, the Court found some of the evidence met this standard while some did not. Thus, while the evidence alone did not entitle the defendant to automatically withdraw his plea, the defendant was entitled to have the trial court review the evidence when making its determination as to whether the defendant should be allowed to withdraw his guilty plea.

**{¶16}** In *Robinson*, the Ninth District also overruled a trial court dismissal of a postconviction matter based on *res judicata*. In *Robinson*, the trial court never considered the evidence submitted by the defendant, even though it was clearly newly discovered, relevant to the issue and *dehors* the record. In both *Schlee* and *Robinson*, the Courts of Appeal explained that they were not granting the requests to withdraw the pleas, they were simply remanding for the trial courts to make a

decision on the defendants' motions considering the evidence raised by the defendants and not found in the trial court record.

{¶17} Unfortunately for Appellant, there is no evidence *dehors* the trial court record that is crucial for a full and fair determination of the issues he presents. Either the information was already before the trial court, and thus used to determine the outcome of the *Wilson I* and *Wilson II* decisions, or the so-called evidence does not advance Appellant's cause.

{¶18} Appellant's arguments continue to center on his mental health status and the unrelated fraud conviction of the doctor who performed his competency evaluation, Dr. Anil C. Nalluri. Appellant first urges that the trial court should have considered a psychological report prepared by Dr. Sandra McPherson and Dr. Donald McPherson. According to Appellant, the report shows that: his IQ is 63, he has a mental illness diagnosis, he has been prescribed psychiatric medication and he has attempted suicide while at the jail. Appellant also suggests that there is additional evidence available which he cannot obtain without the assistance of new and effective counsel.

{¶19} In order to overcome *res judicata,* Appellant must show that his competency could not have been determined without consideration of the evidence he now presents and that was outside of the trial court record. Appellant is unable to do so. First, we note that Appellant had a competency evaluation, performed by Dr. Nalluri as requested by Appellant, and that was part of the record and was considered by the trial court. Thus, the record contains evidence of his mental health status. Unlike other cases cited by Appellant, he was given a pre-trial competency

evaluation. The record is devoid of any evidence to suggest that he was unable to understand the nature and objective of the proceedings at the time. Additionally, no evidence *dehors* the record impacts on the issue in any way.

**{¶20}** The record demonstrates that the McPhersons were given permission to assess Appellant's mental health to assist in his defense on October 12, 2012, which was well before his plea hearing. Appellant contends that the resulting report is not part of the record. While this is technically true, all parties were aware of this evaluation and Appellant was free to use the report to assist in his defense if he felt it was necessary at the time.

**{¶21}** Additionally, a review of the report reflects that it would not assist Appellant's case. The report did opine that Appellant's IQ is 63 but cautioned that the result could not be relied on with confidence as either "periodic significant psychotic reference" or a deliberate attempt to perform poorly on the test could have contributed to the score. As the report reveals that Appellant could have intentionally performed poorly on the test, his IQ score likely would not have changed the court's determination that he was competent to enter a plea. The report states that Appellant's mother indicated that he had attempted suicide, but the doctors found her to be unreliable. Additionally, they noted that he may have a psychotic disorder, but cautioned that his diagnostic status was insecure and that Appellant's diagnosis has changed over the years. The report contains several unfavorable observations as to Appellant's mental health, however, the doctors question whether Appellant was exaggerating his symptoms in order to gain a favorable diagnosis. Hence, even if

this report had been unavailable to Appellant at the time of trial, it likely would not assist his claims.

{¶22} An exhaustive testing of Appellant's medications may not explicitly be contained of record, but as we have stated in both *Wilson I* and *Wilson II*, when addressed by the trial court judge on the record, Appellant did state that he was using a number of prescription medications but that these in no way affected his ability to understand the process.  Hence, Appellant's reliance on this report does not rise to the level found in *Schlee* and *Robinson* and provides no crucial information to the court in making its determination as to the competency issues raised by Appellant by direct appeal or in his motion to withdraw his plea.

{¶23} Likewise, his insistence that Dr. Nalluri's later workers compensation fraud conviction and documents relating to this conviction are not barred by *res judicata* is misplaced.  It is abundantly clear from reading our Opinions in both *Wilson I* and *Wilson II* that this "evidence," such as it is, was considered both in the trial court and on appeal.  Appellant simply disagrees with the court's interpretation as to the relevance of this information.  Both the trial court and this Court have repeatedly held that the information has no relevance as regards Appellant's issues.

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge,* 37 Ohio St.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶24}** Because Appellant has presented no evidence *dehors* the record important to the determination of his issue on direct appeal or as to his motion to withdraw his plea, the trial court did not violate Appellant's due process rights in dismissing his motion. There is no new, relevant information Appellant is attempting to raise in his motion to withdraw his plea, and his motion for reconsideration does not involve any matter not already considered by this Court.

**{¶25}** Again, in order to prevail on a motion for reconsideration, an appellant must demonstrate an obvious error in our decision or raise an issue that was either not considered at all or not fully considered. Appellant contends that determination of the issues in his motion and his appeal of its denial required evidence *dehors* the record. However, we find that the "evidence" on which he relies was already considered and additional evidence was not newly discovered and would not have likely assisted his case. Accordingly, Appellant's motion for reconsideration is denied.

Waite, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.